ALVENO M. HOLMES vs. WILLIAM HOLMES AND WIFE.

An act of 1869 provides that "whenever any married woman shall carry on business, and shall incur any debt on account of the same," she shall be liable therefor. Held that the business must be pursued as a continuing and substantial employment, and that the mere renting of a few rooms by a married woman in the house in which she lived with her husband, was not a carrying on business within the meaning of the statute.

ASSUMPSIT for services rendered by the plaintiff, a real estate broker, in renting certain rooms for the defendant's wife; brought to the Court of Common Pleas of New Haven County, and tried to the jury, on the general issue, before *Pardee, J.*

Upon the trial, the plaintiff claimed, and offered evidence tending to prove, that in November, 1871, he was a real estate broker in the city of New Haven; that Mrs. Holmes, one of the defendants and the wife of the other defendant, called at his office and employed him to find a tenant for certain rooms in the house which was in part occupied by the defendants as their homestead in the city of New Haven, and that she then promised him that she would pay him for procuring her a tenant if he succeeded in finding one for her; that he afterwards sent one Beardsley to her, who was in search of a tenement to hire; that Beardsley thereupon hired of Mrs. Holmes the rooms in question, and had ever since occupied the same and paid rent therefor; and for so procuring a tenant the plaintiff claimed to recover suitable compensation in the present suit. The plaintiff offered no evidence that he gave credit to the husband. It was in testimony that the plaintiff entered the name of Mrs. Holmes upon his order-book, and sent the bill for his services to her.

The defendants claimed, and offered evidence to prove, that Mrs. Holmes, although she called at the plaintiff's office to see him upon the subject, did not leave the rooms with him to rent, but declined so to do; also that at the time she had the interview with the plaintiff her husband was temporarily out of the state, and had no knowledge thereof; that he never authorized her to hire the plaintiff to procure a tenant for the

rooms, nor afterwards ratified her action if she did so employ him; and that the tenement in question consisted of certain chambers in the house the defendants occupied. It was not proved or claimed that Mrs. Holmes was at the time engaged in the business of renting rooms, except so far as to procure a tenant for the rooms in question. No evidence was offered to show that her husband authorized her to employ the plaintiff, or that he had any knowledge thereof until the plaintiff demanded his pay therefor, when he denied his liability.

The defendants requested the court to charge the jury— 1st. That if the plaintiff gave credit to Mrs. Holmes, her husband was not liable. 2d. That if he gave credit to her and she at the time was a married woman living with her husband, she was not liable in this case. 3d. That if the husband never authorized her to make the contract claimed, and had never ratified her action, he was not liable therefor. 4th. That the term "carrying on business," as used in the statute of 1869, does not include a case like the one in suit, of renting a few chambers in the dwelling house occupied by the married woman with her husband.

The court did not so charge, but charged as follows: "If you shall find that Mrs. Holmes did so employ the plaintiff as the plaintiff claims, and in doing so acted as the agent of her husband in the matter of renting, and he had authorized her to rent the rooms, or knowing that she had done so, if he afterwards acquiesced therein, then she would be authorized to employ the plaintiff to look up a tenant for the rooms. But if you find such an agency, your verdict should be for the plaintiff against the husband alone, and not against the wife, and in favor of the wife against the plaintiff. If she was acting in the management of her own property, and did make the agreement which the plaintiff claims, your verdict should be for the plaintiff, and you need not make any distinction between the defendants, and the court will issue execution only against her property. And so far as she was engaged in the business of renting a portion of her property, and if in pursuance of that object she employed the plaintiff in the manner he claims, then the verdict should be for the plaintiff.

The jury returned a verdict against both the defendants, and they moved for a new trial for error in the refusal of the court to charge as requested and in the charge given.

*C. Ives,* in support of the motion.

*Gorham,* contra.

PARK, J.   It is not claimed by the plaintiff that he can recover in this action at law, unless his case comes within the provisions of the statute of 1869, which provides that "whenever any married woman shall carry on business, and shall incur any debt or obligation on account of the same, or shall execute any promissory note or other instrument in writing, either alone or jointly with her husband, for the benfit of the joint estate of herself and husband, she shall be liable for any such debt or obligation and upon such note or instrument," &c.   The question then is, whether the case of the plaintiff comes within the provisions of this statute.

As it is not claimed that there was any note or other obligation in writing given by Mrs. Holmes the case of course can not come within the last provision.   Under the first provision she must have been engaged in carrying on some kind of business, and the debt or obligation to the plaintiff must have been incurred in order to aid in the prosecution of that business.

What business was Mrs. Holmes carrying on when she made the contract with the plaintiff out of which this suit has arisen ?   None whatever.   All the business she transacted consisted of the contract she made with the plaintiff, and it ended with the fulfillment of the contract.   It was business that comprehended but one transaction, the procuring of a tenant, and it may have continued but an hour.   If this is "carrying on business" within the meaning of the statute, the expression might as well have been omitted, so that the statute would read, "Whenever any married woman shall incur any debt or obligation whatsoever on her own account she shall be liable," &c., for no such debt or obligation could be incurred without growing out of some business transaction

in which she engaged. The statute must have a common sense construction. It is manifestly absurd to say that a person is engaged in buying and selling horses if on a single occasion he should sell one horse and buy another, or that a woman is engaged in the business of farming, if she should employ a man to do some trifling work in one of her fields.

What ·is meant by the expression is, that the married woman must be pursuing a business as an employment, to the carrying on of which she devotes a considerable portion of her time, and skill and means—a business that is continuing in its nature and embraces many transactions.

We think therefore that the court erred in not complying with the request that was made by the defendants, that the jury should be instructed " that the term carrying on business, as used in the statute, does not include a case like the one in suit, of renting a few chambers in the dwelling house occupied by the married woman with her husband ;" and for this cause we advise a new trial.

In this opinion the other judges concurred.