MARY BORGES RAPOZA *v.* HENRY T. SHELDON, JR., DEPUTY SHERIFF OF KAWAIHAU.

No. 1746.

SUBMITTED MAY 18, 1927.        DECIDED SEPTEMBER 22, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C.J.
(Parsons, J., dissenting.)

This is an action of replevin wherein the plaintiff, a married woman, prays that she may have restitution of a one-ton Ford truck, a one-ton Chevrolet truck and a two-ton Federal truck of the aggregate value of $700, or a judgment for the sum named with damages for the detention of the trucks. The circuit judge, sitting without a jury, rendered judgment for the defendant, who is a deputy sheriff of Kawaihau in the County of Kauai and had attached the property in an action brought by one Ching Yau against the husband of the present plaintiff. The circuit judge in his written opinion said: "I find the preponderance of the evidence is in favor of the defendant. The plaintiff has failed to satisfy me that she is the true owner of the trucks in question and I am further satisfied, from the evidence, that if the

ownership of the trucks was and is in plaintiff, she is, nevertheless, estopped from claiming same and that they were also subject to attachment and are lawfully held by the defendant in this case by virtue of a writ of attachment issued in a suit against plaintiff's husband, under the provisions of said Sec. 3003, Revised Laws of Hawaii 1925. I am satisfied that the evidence sustains the contention of the defendant." The case comes to this court by bill of exceptions.

It may be assumed for the purpose of these exceptions that, as claimed by the plaintiff, the evidence required a finding that as between the wife and the husband the wife was the owner of the trucks and that the evidence adduced was not such as to justify a finding that the wife was estopped, by reason of her representations or of her silence, from setting up her ownership as against the creditor. Nevertheless, the judgment below must be sustained. Section 3003, R. L. 1925, provides as follows: "When a married woman does, or proposes to do, business on her separate account, she or her husband shall file in the office of the treasurer of the Territory a certificate setting forth her name and residence, and the name and residence of her husband, the nature of the business, and the place where it is, or is proposed to be carried on, giving, if practicable, the street and the number on the street. * * * The treasurer shall cause to be kept a book wherein shall be recorded the certificates so filed. * * * The book shall be properly indexed, and shall, during all business hours, be open to the inspection of the public without charge. If the certificate be not filed as aforesaid, the personal property employed in the business shall be liable to be attached as the property of the husband, and to be taken on execution against him." There was ample evidence before the court that the present plaintiff rented the three trucks to the

County of Kauai for the hauling of rock, two of them at a stated rental per day and the third one at an agreed price per cubic yard of material hauled; that under this arrangement the county used the three trucks for some time and paid the plaintiff the agreed compensation "by county checks"; and that the county last used the trucks under this agreement on May 9, 1926, when "the job was shut down". While this particular use by the county ceased on May 9, 1926, and the attachment was not levied until June 7 following, the plaintiff was, prior to the levy, bidding for the performance of certain work for the county and intended to use the same three trucks in hauling rock under the contract which she hoped to secure. Assuming that, as contended by the plaintiff, she was the owner of the trucks, or that, as to one of them, she was in possession of it under a conditional sale agreement, she was doing business with them on her separate account within the meaning of the statute. This was not an instance of one isolated letting for hire. It was a continuing arrangement while it lasted; and the respite from May 9 to June 7 was not due to a change in the mode of use or to a discontinuance of the business but was merely while awaiting the commencement of operations under the new contract. It was specifically admitted during the trial that the requirement of section 3003 concerning the filing of a certificate had not been complied with prior to the attachment. The penalty of the statute must therefore attach and the personal property employed in the business, to-wit, the trucks, became subject to attachment as the property of the husband.

The contention that the statute, if so applied, took away the property of this plaintiff without due process of law and is unconstitutional, cannot be sustained. Section 3003 was a part of chapter 11 of the Laws of

1888, the provisions of which took the place of sections 1286 and 1287 of the Civil Code of 1859. Under these preexisting laws the theory was that the wife should "be deemed for all civil purposes to be merged in her husband and civilly dead." It was there provided that "the husband shall, in virtue of his marriage, and in consideration of the responsibilities imposed on him by law, be the virtual owner, except otherwise stipulated by express marriage contract, of all movable property belonging to his wife anterior to marriage and of all movable property accruing to her after marriage; over all of which movable property he shall, unless otherwise stipulated by contract, have absolute control for the purposes of sale or otherwise, and the same shall be equally liable with his own for his private debts." In other words, immediately prior to the law of 1888, the husband became, by virtue of the marriage, the owner of all of the movable property of the wife and that property could be levied upon in satisfaction of his debts. The law of 1888 was much more liberal and permitted the wife to own and hold and manage her separate property and to dispose of it in the same manner as if she were sole, with certain limitations as to realty not material in this case, and with the further limitation, which is material, that if she wished to do business on her separate account she must file the certificate mentioned in order to apprise the world in general and the husband's creditors in particular that the property was hers and that it could not be taken in execution against the husband. The later law not only did not take away what she had before but gave her more than she had. It gave her the ownership of personalty which under the old law would belong absolutely to her husband and it only asked of her that she file a certificate when doing business on her separate account. There is in this amendment no violation of any constitutional principle.

The constitutionality of the statute of 1859 has not been attacked and will not be considered.

It is further contended on behalf of the plaintiff that under a correct construction of section 3003 the property can be taken in execution only "in suits based upon contracts made in the prosecution of the business which a married woman carries on." We find no such limitation in the language of the section.

Another contention is that the property in question is exempted from execution under section 2460, R. L. 1925, as a cart or truck "by the use of which a cartman, drayman * * * or other laborer actually earns his living." In our opinion, one who owns three trucks and rents them out to others at stated prices per day or per cubic yard of material hauled is neither a drayman nor a laborer within the meaning of that provision. The statute was evidently intended to refer to the person actually driving the dray or truck and thereby earning his living.

The exceptions to the rejection or the admission of evidence need not be considered, in the light of our conclusions relating to section 3003 and the lack of the certificate required thereby.

The exceptions are overruled.

L. A. Dickey for plaintiff.

P. L. Rice and P. V. Clibborn for defendant.

### DISSENTING OPINION OF PARSONS, J.

I respectfully dissent.

1. Evidence was introduced by the plaintiff tending to show that she is the owner of the Ford, Federal and Chevrolet trucks which she seeks to replevy, title having been acquired (a) to the Ford truck by bill of sale from the Garden Island Motors, Limited, dated May 12, 1926; (b) to the Federal truck at an auction sale antedating the attachment herein, the purchase

price having been paid with money acquired by the plaintiff before she was married; and (c) to the Chevrolet truck by bill of sale executed by W. K. Hussey under date of March 31, 1926. Assuming for the purpose of this opinion that "the Chevrolet truck," as set forth in defendant's brief, "was transferred from husband to wife, evidently through the means of a third party," proof of other essential facts is lacking to support a conclusion that, as to the plaintiff in the attachment suit, the transfer was a nullity or that ownership of the truck was still in the present plaintiff's husband.

The evidence above referred to is unrebutted and there is no evidence sufficient to justify a finding that legal title to the trucks above named or to any one of them is not in the plaintiff. The trial judge has made no direct finding as to ownership of the same, saying only with direct reference to this point, as set forth in the majority opinion, "The plaintiff has failed to satisfy me that she is the true owner of the trucks in question." The two conclusions following the portion of the trial judge's opinion above quoted, are based upon a contrary hypothesis, viz: upon the hypothesis of ownership of the trucks by the plaintiff. These conclusions are dealt with in succeeding paragraphs of this opinion.

2. As set forth more fully in the majority opinion, the trial judge held that "if the ownership of the trucks was and is in the plaintiff, she is, nevertheless, estopped from claiming same." No facts are set forth in the trial judge's opinion upon which the above quoted conclusion of estoppel is based and the transcript fails to disclose facts sufficient to justify that conclusion. As set forth in plaintiff's brief: "there is no evidence of any false representation by plaintiff or any concealment of any material fact; there is no evidence of any

knowledge by plaintiff that any one of the trucks claimed was ever registered in any other name than her own; there is no evidence that the creditor in the attachment suit knew that any one of the trucks claimed was ever registered in the name of plaintiff's husband; there is no evidence that the creditor in the attachment suit was without knowledge or the means of knowledge of the real facts as to the ownership of the trucks; there is no evidence that plaintiff ever made any false representation or kept silent as to her ownership of any truck with the intention that the creditor in the attachment suit, or any other creditor, should act on such false representation or silence; there is no evidence that the creditor in the attachment suit relied upon or acted upon any false representation of plaintiff or any silence of plaintiff as to her ownership to his prejudice; there is no evidence that the creditor in the attachment suit was destitute of means of acquiring a knowledge as to plaintiff's title to the trucks."

3. The trial judge further held that the trucks above named "were also subject to attachment and are lawfully held by the defendant in this case by virtue of a writ of attachment issued in a suit against plaintiff's husband under the provisions of Sec. 3003, Revised Laws of Hawaii 1925." It is upon the ground last above named that the majority opinion of this court sustains the judgment of the trial court. The ruling just quoted assumes as a fact the ownership of the trucks by the wife and presupposes a finding that at the time of the attachment the wife was doing business on her separate account, that at said time neither she nor her husband had filed in the office of the treasurer of the Territory a certificate of the kind described in section 3003, R. L. 1925, that she was then doing business or proposing to do business on her separate

account and that the three trucks above described were employed in said business.

The acts apparently relied upon to constitute the doing of business by the plaintiff within the purview of section 3003 are, first, the renting of her three trucks to the County of Kauai, as set forth in the majority opinion, and, second, the bidding by the plaintiff upon a contract which, if awarded to her, would require the use of trucks. The transcript shows no evidence of more than one renting of each of the three trucks; and the one renting referred to had terminated more than four weeks prior to the levy of attachment. I cannot concur in the view that one renting of each of three items of personal property constitutes "doing business" within the purview of the act named, either when considered alone or when considered in connection with a subsequent bid upon a contract under conditions shown in the transcript and hereinafter separately dealt with.

The certificate provided in section 3003 requires, among other things, a statement of "the nature of the business and the place where it is, or is proposed to be, *carried on.*" The words which I have italicized, read in connection with the word "business," connote a continuity of action not present in the one letting of each of three articles of personal property. It would be a strained construction of the statute to say that it means that before a married woman may rent any articles of her personal property without incurring the liability of forfeiture therein named she must register with the treasurer a statement of the nature of the proposed act and the place where it is proposed to be carried on. "To do business is to carry on any particular occupation or employment for livelihood or gain, as agriculture, trade, mechanic arts, or profession." 3 Words & Phrases 2155, citing *George R. Barse Livestock Co.* v.

*Range Valley Cattle Co.,* 16 Utah 59, 50 Pac. 630, 632. The phrase under discussion has had frequent interpretation in decisions dealing with foreign corporation laws. Within the meaning of such laws it has been held that the doing of a single act of business in another state does not constitute a "doing of business." 3 Words & Phrases 2159, citing, among other cases, *Cooper Manufacturing Co.* v. *Ferguson,* 113 U. S. 727. "Doing business means a transaction of business during some continuous period, neither a single nor several transactions being conclusive so as to show a doing of business." 3 Words & Phrases 2159, citing *Beard* v. *Union & American Publishing Co.,* 71 Ala. 60, and *International Cotton-seed Oil Co.* v. *Wheelock,* 124 Ala. 367, 27 So. 517, 518. The phrase has had similar construction in instances where it has occurred in statutes with reference to sole trading: "That the business under such statutes should be pursued as a continuing and substantial employment. And hence the mere renting of a room or two by a married woman in the house in which she lives with her husband is not 'carrying on business' within the meaning of such an act." 1 Schouler Domestic Relations, 6th ed., page 334, section 307, citing in footnote 53, *Holmes* v. *Holmes,* 40 Conn. 117.

Coming now to the act of the plaintiff in bidding on a contract shortly prior to the date of the attachment: No other act of bidding or of contracting on the part of the wife except as above set forth, appears to be relied upon by defendant. After the date of the attachment the bid was accepted and the contract was awarded to the plaintiff, whereupon the plaintiff registered as a sole trader. At the time of the bidding, however, and at the time of the attachment, the trucks were not employed and had not been employed, so far as the transcript discloses, upon any work connected

with said bidding and therefore they did not in any event come within the limited class of personal property of the wife which section 3003 permits to be attached as the property of the husband.

In my opinion, for the reasons above set forth, exception 4 to the above quoted decision and ruling of the trial judge should be sustained.