# Beard *v.* The Union & American Publishing Company.

## *Action against Surety on Agent's Bond.*

1. *Section 4 of Art. 14 of constitution construed.*—Soliciting and receiving subscriptions for a newspaper published in another State by a corporation, is not doing "business" in this State, within the meaning of section 4, Art. 14, of the constitution, prohibiting foreign corporations from doing any business in this State without having at least one known place of business, and an authorized agent or agents therein.

2. *Set-off by surety of debt due principal; when not available.*—Sureties, when sued alone, can not, without the consent of their principal, avail themselves, by way of set-off, of a debt due from the plaintiff to the principal at the commencement of the suit.

APPEAL from Marshall Circuit Court.

Tried before Hon. LE ROY F. BOX.

This action was commenced on 27th March, 1879; was brought by the Union and American Publishing Company, a body corporate created and existing under the laws of the State of Tennessee, the appellee, against James P. Beard and others, the appellants, and was founded on a bond executed by them, by which they covenanted and agreed "to pay to the proprietors of the American, a newspaper published in the city of Nashville, Tennessee, all damages which they may sustain" by

the default, dereliction or failure of J. L. Burke as a general agent for said newspaper, to make, after a deduction of 10 *per centum* commissions, semi-monthly, or at least monthly remittances to the said proprietors of the said American of all moneys which he may collect for subscriptions, or otherwise, to the said American, so long as he may act as agent for same." Burke did not execute the bond and he was not a party defendant to the suit. A breach of the bond was duly averred and the plaintiff claimed the sum of $78.70 as due thereon. The defendant filed two pleas, setting up, in substance, that the cause of action declared on was founded upon and grew out of business done by plaintiff in this State, and that at the time such business was done, said plaintiff was a foreign corporation, and then had no known place of business in this State. A demurrer to the plea having been overruled, the cause was tried on issue joined thereon, the trial resulting in a verdict and judgment for the plaintiff.

The plaintiff's evidence tended to show that the plaintiff was the proprietor of the newspaper mentioned in the bond; that on the faith of the bond Burke was appointed plaintiff's agent to solicit and receive subscriptions for said newspaper, and that under the appointment he did solicit and receive subscriptions for said paper "in and out of Marshall county, Alabama, up and down the Tennessee valley, along the line of the South & North Alabama railroad and the Alabama and Chattanooga railroad, by approaching persons wherever he found them, both along said lines, and routes, and also on the streets and in the houses in Guntersville;" that of the money so received for subscriptions he failed to remit a stated amount; and that while acting as plaintiff's agent, Burke, with his family, resided at Guntersville, Alabama, and he caused an advertisement to be inserted in a newspaper published in said town, that he was plaintiff's agent for the purpose of soliciting and receiving said subscriptions, at Guntersville. Burke was examined as a witness for defendants, and his testimony tended to show, that while he was acting as agent for plaintiff, he had no place of business in Guntersville or elsewhere; and that the plaintiff was indebted to him for services rendered by him, at its instance and request, as special correspondent for plaintiff's newspaper, in a stated amount, which exceeded that which the plaintiff claimed in this cause. But no testimony was offered tending to show that Burke consented that the defendants might use this amount as a set-off.

At the plaintiff's request in writing, the court instructed the jury (1) as to what constituted a known place of business within the meaning of section 4 of Art. 14 of the constitution; and (2), in substance, that Burke was not sued in this action, and to

[Cooper v. Hornsby.]

authorize the defendants to set off what the plaintiff owed him, he must have consented thereto, and the jury were not allowed to assume that he had consented, but such consent must be shown by the evidence. To each of these charges the defendants excepted, and here assign them as error.

HARVILL & DICKENSON, for appellants.

ROBINSON & BROWN, contra.

STONE, J.—Section 4, Article 14, of the constitution has no bearing on the question raised in this case. Receiving subscriptions to a newspaper, or collecting the money therefor, although the paper is published in another State, and by a corporation, is not doing "business" in this State, within that section of the constitution. There must be a doing of some of the works, or an exercise of some of the functions, for which the corporation was created, to bring the case within that clause. A railroad, bank, or insurance company, of foreign incorporation, performing its corporate functions within the limits of Alabama, would be required to keep "at least one known place of business, and an authorized agent or agents" in this State. That would be doing business; the business, or a part of it, which falls directly within the purview of their corporate powers. The present case does not fall within the principle.

There is no plea of set-off in this record, and if there were such plea, the evidence fails to show any authority in the defendants to avail themselves of it.—*Bowen v. Snell*, 9 Ala. 481; S. C. 11 Ala. 379; Code of 1876, § 2994.

Affirmed.