## The Journal Printing Company, Appellee, v. Inter=Ocean Newspaper Company, Appellant.

### Gen. No. 16,088.

CORPORATIONS—*what does not constitute doing business in this state.* The mere signing of a contract in Illinois does not constitute doing business in this state in violation of the statute.

Bill for accounting, etc. Appeal from the Circuit Court of Cook county; the HON. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed February 6, 1912.

KNIGHT, BARBOUR & ADAMS, for appellant; JAMES J. BARBOUR, of counsel.

LAWRENCE P. CONOVER, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This appeal is from a decree directing appellant, Inter Ocean Newspaper Company, to account to appellee for moneys which appellant has collected from adver-

tisers upon contracts whereby the advertising matter was to be published simultaneously in the Chicago Inter Ocean, Minneapolis Journal, Indianapolis News, and the Des Moines Capital, for the gross sum of $6.60 an inch, $3.24 of which was to be retained by the Inter Ocean Newspaper Company, appellant, and the balance forwarded to the Minneapolis Journal for proportionate disbursements to other papers.

The bill of complaint of the Journal Printing Company sets forth an agreement between appellant and appellee for a joint advertising arrangement, whereby each newspaper corporation instead of confining its contract with its own particular customers to the insertion of advertisements in the particular newspaper which the corporation was organized to conduct and carry on, undertook for the sum of $6.60 an inch to have the advertisements published in the newspapers of the foreign state as well as in the home paper.

The material part of the agreement set up in the bill of complaint relative to the issues presented on this appeal is as follows:

First, the Inter Ocean Newspaper Company agrees with the Minneapolis Journal to solicit advertising in the form of reading matter in Canada for publication in the Inter Ocean daily, Sunday or weekly edition, at the option of the advertiser, and that all such advertising secured in the territory shall appear in the Minneapolis Journal, Indianapolis News and the Des Moines Capital. Under the existing arrangements between the last two mentioned papers and the Minneapolis Journal the Inter Ocean agreed to furnish matrices for simultaneous reproduction in the other papers in which the advertising was to appear, and payment was to be made to the Inter Ocean for the advertising. The Inter Ocean Newspaper Company was to handle the collections, and out of them was to pay to the Minneapolis Journal, the complainant, $3.36 an inch, out of which

the Minneapolis Journal was to pay the Indianapolis News and the Des Moines Capital.

On the part of the Journal Printing Company, complainant, it was agreed it was to solicit advertising in Minnesota and the Dakotas, and it was agreed all advertising secured in the territory for the Minneapolis Journal should also appear in the Inter Ocean, the Indianapolis News and the Des Moines Capital.

The defense set up by the Inter Ocean Newspaper Company is, that the Journal Printing Company, complainant, is not entitled to prosecute this suit in this state, for the reason that it appears without controversy that it had not complied with the provisions of Chapter 32, Revised Statutes of this state, entitled, "An Act to Regulate the Admission of Foreign Corporations for Profit to do Business in the State of Illinois." The Circuit Court, upon the coming in of the report of the master, to whom the cause had been referred, entered a decree overruling the plea of the defendant, and holding that the equities were with the complainant, and finding that the complainant was entitled to receive from the defendant a portion of all moneys collected by the defendant on account of advertising referred to in the contract between the parties set forth in the bill, and ordered that the cause be referred to a master to state and take account of the dealings between the defendant and the complainant.

There is no material controversy in the evidence contained in the record. The complainant had never at any time filed with the Secretary of the State of Illinois its Articles of Certificate of Incorporation, nor had it secured a license permitting it to do business in the State of Illinois. The complainant is a corporation organized under the laws of the State of Minnesota. The defendant, Inter Ocean Newspaper Company, is an Illinois corporation, organized under the laws of this state.

The contract in question was entered into on or

about the 16th day of January, 1905, and was signed
by Lucian Swift, Manager of the Minneapolis Journal,
for and on behalf of the Journal Printing Company,
complainant, and by A. C. Phillips, Manager of the
Inter Ocean, for and on behalf of the Inter Ocean
Newspaper Company. The contract was signed in du-
plicate, and both copies were signed at Chicago by
Herbert Vanderhoof, Ward D. Williams, and A. C.
Phillips, as business manager. Thereupon both copies
were sent to Lucian Swift at Minneapolis, Minnesota,
and were by him signed in Minneapolis. The com-
plainant retained one of the copies and returned the
other to the defendant at Chicago.

After the execution of the contract the parties pro-
ceeded to carry it out by soliciting advertising in their
respective territories for publication in all of the news-
papers above named. The proofs and matrices of ad-
vertising matter secured by the Inter Ocean Newspa-
per Company were forwarded by the defendant to the
Journal Printing Company, the complainant, and were
published by that company, and the defendant com-
pany also sent proofs and matrices to the complainant
for the use of the Indianapolis News and Des Moines
Capital, which the complainant forwarded to such
newspapers.

It further appears that the defendant thereupon pro-
ceeded to collect for the advertisements, and in many
instances remitted to the complainant its portion or
share of the amount collected, as well as the shares due
the Indianapolis News and the Des Moines Capital.

It further appears that at the date of the execution
of the above contract a verbal agreement between
the complainant and the firm of O'Meara & Ormsbee
existed, whereby O'Meara & Ormsbee agreed to repre-
sent the complainant in soliciting advertising for the
complainant outside of the state of Minnesota, and
especially in Chicago, and that all orders and copy se-
cured by them were to be submitted to the managing

editor of the Minneapolis Journal, and O'Meara & Ormsbee were to represent the merits of the Journal to the various advertising agencies, and get such Journal on their list. The agreement also provided that various local solicitors were employed by the firm of O'Meara & Ormsbee, and were to be paid by them, and that all orders and copy secured by them were to be sent to the Minneapolis Journal for its approval, and if there accepted, were published in accordance with the terms of such orders in the Minneapolis Journal. Under the agreement O'Meara & Ormsbee were paid a substantial sum per week in full of services and expenses for thus representing the Minneapolis Journal outside of the state of Minnesota. While thus representing the complainant orders for advertising were secured in Chicago aggregating $5,000 and upwards per annum. O'Meara & Ormsbee maintained an office in Chicago, and continued to maintain such office at the time of the hearing of the cause; and on the door of the office there was a sign, "O'Meara & Ormsbee, representing Brooklyn Eagle, Newark News, New York Globe, and Minneapolis Journal, A. E. Chamberlin, Western Manager."

It was further agreed that all orders for advertising were to be executed by the complainant at Minneapolis, Minnesota.

In our opinion the execution of the contract set up in the complainant's bill between complainant and the defendant, and the publication of the advertising matter in the respective journals, was not doing business and did not involve doing business by the complainant in the state of Illinois in violation of the laws of Illinois relative to foreign corporations doing business in this state. We are of the opinion that the complainant did not at the date of the execution of the agreement or subsequent thereto, while the agreement was in force, transact business in Illinois within the meaning of that section of the Illinois Statute relative to

foreign corporations.   Booz v. Texas & Pacific Ry. Co., 250 Ill. 376.

The contract in question, in our opinion, was made in Minnesota, where it was finally executed by the business manager of the complainant, but even if the contract was signed in Illinois that does not constitute doing business in this state in violation of the statute. Black-Clawson Co. v. Carlyle Paper Co., 133 Ill. App. 61; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727. Nor do we think that the acts of appellee's agents and representatives, O'Meara & Ormsbee, in soliciting advertisements in this state, subject to the approval of the complainant, appellee, constituted or was doing business in this state within the meaning of the statute. Beale on Foreign Corporations, sec. 207; Havens & Geddes Co. v. Diamond, 93 Ill. App. 557.

In our opinion the decree of the Circuit Court is correct and it is affirmed.

*Affirmed.*