# Mertins v. Hubbell Publishing Co.

## Assumpsit.

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 275.)

1. *Contracts; Pleading; Want of Consideration.*—Where the complaint contained two counts based on express and implied promises to pay money in consideration of a precedent and existing debt, and the other count showed a case of mutual promises which furnished a sufficient consideration to support an action on the others of the common count, a plea that the original contracts were void for want of consideration, did no more than deny plaintiff's cause of action, and this having been properly done elsewhere, there was no error in sustaining demurrer to such plea.

2. *Contracts; Consideration.*—Where a defendant contracted to pay a certain sum for an advertising card in plaintiff's legal directory, and the card had been published, the fact that it was of no value to defendant did not constitute a defense to an action for the price.

3. *Corporations; Foreign; Doing Business.*—Where a foreign corporation not authorized to do business in Alabama solicited and obtained in Alabama a contract to pay a certain sum for insertion of defendant's advertising card in plaintiff's legal directory, such transaction did not constitute the doing of business within the state within the constitution and statutes requiring foreign corporations doing business in this state to have a known place of business.

4. *Same.*—Where a foreign corporation obtained a defendant's contract for the publication of his advertising cards in the corporation's legal directory, which contract was enforceable, though the corporation had not been authorized to do business in Alabama, the fact that it might have done other business of a sort to necessitate compliance with our constitutional and statutory requirements, without having complied therewith, did not prohibit the contract in question, nor prevent the corporation from suing thereon.

5. *Contracts; Validity; False Representation.*—Where defendant contracted for a card in plaintiff's legal directory, plaintiff's mere representations concerning the value of the contract to defendant were immaterial, in the absence of an averment that they were intended as warranties or were made with intent to deceive and defraud.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Assumpsit by the Hubbell Publishing Company against Gustave F. Mertins. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from Court of Appeals under the authority of the act creating such court.

For former appeal in this case see 4 Ala. App. 500, 58 South. 679, where the facts fully appear.

GUSTAVE F. MERTINS, and HILL, HILL, WHITING & STERN, for appellant.

BALL & SAMFORD, for appellee.

SAYRE, J.—(1, 2) Demurrer to plea 3 was sustained. The plea was that the original contracts sued upon were void for want of consideration. The complaint contained two of the common counts. These were based upon express or implied promises to pay money in consideration of a precedent and existing debt, and showed therefore an executed consideration. The other counts showed a case of mutual promises, each furnishing a sufficient consideration to support an action upon the other. So, at best, this plea did no more than deny plaintiff's cause of action, which was else-

where done in proper form, and upon the issue thus made up the case was tried. Plaintiff's proof of its case was furnished in evidence, tending to show that it published a legal directory in which appeared, according to contract, a card advertising defendant's business. These facts were not denied, and on them, without more, plaintiff was entitled to judgment for the contract price. Evidence that the advertisement was of no value to defendant, brought him no business so far as he knew, did not at all tend to impeach the legal sufficiency of the consideration for his original promise to pay. That consideration was plaintiff's promise to print and defendant's legal right to an enforcement of that promise. "The question of the ultimate financial loss or gain is foreign to the doctrine of consideration, if the parties each have received what they have agreed upon."—1 Page, Const. § 274. If by this plea defendant sought to open the way for proof that the contract was forbidden by statute in certain existing conditions, or was unenforceable because procured by fraud (matters defendant sought to set up in other pleas to which demurrers were sustained) evidence along those lines would not have tended to prove that defendant's promise was wholly without consideration in that plaintiff had given or promised nothing at all (a defense for the statement of which the plea in question may have been sufficient under the authority of *Milligan v. Pollard,* 112 Ala. 465, 20 South. 620), nor that plaintiff's promise was wholly void because morally bad or prohibited by law under all circumstances whatever. Such evidence would have tended only to prove that under special circumstances, not ordinarily to be presumed, plaintiff's promise had no legal sanction, and hence constituted no valuable consideration for the promise sued upon.—*B. R., L. & P. Co. v. Pratt & McCurdy,* 187 Ala. 511, 65 South. 533.

The plea, in our opinion, if intended to set up the facts defendant attempted to prove, or other defense of like character, as against the special counts, should have alleged the facts upon which defendant relied, as the demurrer asserted, or, if intended to answer the common counts, and if apt at all as an answer to those counts, they served no better purpose than the general issue of which defendant had full benefit.

(3, 4) The demurrers to those special pleas, which undertook to set up by way of defense that plaintiff, being a foreign corporation, had not complied with the statutes of this state made and provided for cases in which such corporations do business in this state, were properly sustained. Nothing is alleged which would make the contract sued upon or the transaction out of which plaintiff's demand arose the doing of business in this state within the purview of the Constitution and statutes requiring foreign corporations doing any business in this state to have a known place of business and an authorized agent herein, and to file a certified copy of their articles of incorporation with the Secretary of State.—*Beard's Case,* 71 Ala. 60; *American Amusement Co. v. East Lake Chutes Co.,* 174 Ala. 526, 56 South. 961. If plaintiff did other business of a sort to necessitate compliance with these constitutional and statutory provisions without having complied, that fact could not operate to prohibit the contract in question, since to so deny plaintiff's right was beyond the power of the Legislature.

(5) Pleas averring plaintiff's mere representations concerning the value of the contract to defendant were insufficient; in the absence of averment that they were intended, in fact, as warranties, or were made with intent to deceive and defraud defendant.

Those interrogatories to which the court refused to require an answer by plaintiff were designed to elicit evidence in support only of a defense properly held by the court to be unavailable, and were apt to that purpose only. There was therefore no error in the court's ruling as to that.

McClellan, de Graffenried, and Gardner, JJ., concur.