(No. 15094.—Reversed in part and remanded.)

F. J. WAGNER *et al.* Plaintiffs in Error, *vs.* WILLIAM McCLAY *et al.* Defendants in Error.

*Opinion filed February 21, 1923.*

1. CONTRACTS—*when option is irrevocable.* Under ordinary circumstances an option agreement with a consideration or under seal is irrevocable before the time agreed on has expired.

2. SAME—*alteration made without consideration renders option revocable.* A change made in an option agreement, such as an extension of time, without a consideration therefor, is not binding on all the parties, and the offer may be withdrawn before the expiration of the time to which the option was extended.

3. SAME—*sealed executory contract cannot be altered by parol.* A sealed executory contract cannot be altered, changed or modified by parol agreement.

4. SAME—*contract is complete when acceptance is mailed—option.* Where a letter of acceptance is deposited in the mail, properly addressed and stamped, the acceptance is binding wherever the circumstances are such that acceptance by mail is implied; but the revocation of an option contract operates only from the time it is received by the one to whom it is sent, and it has no legal effect prior to that time.

5. SAME—*what description is sufficient for specific performance.* A description of property by the initials "E. N. W. sec. 19, twn. 4 rang. 4, all situated in Perry Co. Ill. 80 achrs more or less," is sufficiently definite to answer the requirements of a bill for specific performance.

6. SAME—*when contract will be enforced as to husband's interest.* An agreement signed by husband and wife giving an option for the purchase of coal underlying certain land, in which a change reducing the purchase price is made with the husband's consent, may be enforced against his interest in the land if the wife refuses to agree to the reduction so made.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. J. F. GILLHAM, Judge, presiding.

W. O. EDWARDS, for plaintiffs in error.

H. H. HOUSE, and JAMES A. WATTS, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiffs in error filed in the circuit court of Perry county a bill for the specific performance of an option contract alleged to have been entered into between themselves and defendants in error as to the purchase of the coal underlying certain land. After a hearing before the chancellor on the bill, plea and answer the issues were found against plaintiffs in error and the bill was dismissed for want of equity. This writ of error was then sued out of this court.

The option contract reads as follows:

"In consideration of one dollar, receipt of which is hereby acknowledged, the undersigned agree to give to Wagner & Nevin the option to buy the coal underlying the following described real estate, to-wit: E. N. W. sec. 19, twn. 4 rang. 4, all situated in Perry Co., Ill., 80 achrs more or less. Said Wagner & Nevin shall have the right to close this option at any time within the next ninety days from date, and we agree to execute to said Wagner & Nevin, or anyone named by them, a good warranty deed to the said coal, with all the rights necessary to mine the same, and to furnish therefor an abstract of title showing said title to be satisfactory to the purchaser. Upon the execution of said deed and abstract we shall be paid the sum of ~~$4000.00~~ dollars as full purchase price for said coal.          $2400.00

"Witness our hands and seals this 2 day of Sept. 2nd 1921.
                    WM. McCLAY,    (Seal.)
                    LIZZIE McCLAY. (Seal.)"

The bill alleges that prior to the expiration of the ninety days the plaintiffs in error accepted the option and offered to pay the McClays the agreed price for the coal but that defendants in error refused to convey. William McClay answered the bill, and his wife filed a plea denying the execution of the contract. On the hearing on the bill and plea the issues were found in favor of plaintiffs in error. Afterwards, on the hearing of the bill and answer, the bill was dismissed for want of equity.

There is no question that the option contract was given for the purchase of the land at $4000, but the question is in dispute whether the change from $4000 to $2400 in the

contract was consented to by all the parties. The testimony concerning the circumstances attending the change of the purchase price from $4000 to $2400 on the face of the contract by indelible pencil is not in harmony. According to the testimony of plaintiffs in error, both Mr. and Mrs. McClay were present when the change was made, while the testimony of defendants in error was to the effect that Mrs. McClay was not present, although Mr. McClay was; that the wife knew nothing of the change until her husband informed her that it had been made, and she testified that the reason she would not accept the money when the offer was made to pay $2400 for the completion of the contract was that she had not agreed to sell the coal for $2400, knowing that her children were all opposed to selling at that price. McClay admitted that he consented to the change in the original contract from $4000 to $2400 but testified that it was done in his wife's absence, and that she and their children, whom they considered interested in the matter, would not consent to sell the coal for $2400.

Counsel for defendants in error argue that the option was a continuing contract and that it was revoked before its acceptance. It is admitted that when the original contract was signed for $4000 plaintiffs in error paid defendants in error one dollar as consideration for signing, and the contract is under seal. It also appears from the testimony that a letter was mailed by plaintiffs in error to defendants in error accepting the option and offering to pay the defendants in error their money on the execution of a deed and furnishing of an abstract, and defendants in error admitted on the trial that they received this letter. There was some dispute in the testimony whether before or after receiving the letter McClay and one of his sons went to the bank in Marissa, plaintiffs in error's place of business, and told them that $2400 was not enough for the coal and that the McClays did not wish to accept the amended contract.

Counsel for plaintiffs in error states that the ground of the trial court's decision finding the issues in favor of defendants in error on the bill and answer was that there was no new consideration paid when the $4000 purchase price in the option was changed to $2400. There is nothing in the record before us to indicate the ground of the trial court's decision or how much the court was influenced one way or the other by the disputed testimony on the various questions in the case. Under ordinary circumstances an option with a consideration or one under seal is irrevocable before the time agreed on has expired. (6 R. C. L. 604; *Threlkeld* v. *Inglett,* 289 Ill. 90.) A change in the option, such as an extension of time, without a consideration therefor, is not binding on all the parties, and the offer may be withdrawn before the expiration of the time to which the option was extended. (6 R. C. L. 604.) A sealed executory contract cannot be altered, changed or modified by parol agreement. (*Alschuler* v. *Schiff,* 164 Ill. 298; *Becker* v. *Becker,* 250 id. 117; *Lanum* v. *Harrington,* 267 id. 57; *Yockey* v. *Marion,* 269 id. 342.) On the question of the sufficiency of the acceptance of the offer the authorities cited are to the effect that when a letter of acceptance is deposited in the mail, properly addressed and stamped, it will be considered that the acceptance is binding, while the revocation of an option contract only operates from the time it is received by the one to whom it is sent and has no legal effect prior to that time. (1 Elliott on Contracts, secs. 44, 34, and note on p. 53.) According to the testimony of plaintiffs in error they wrote defendants in error that the money was in the bank ready for them on the $2400 basis, and the next day McClay and his son James came in and said they did not want to stand by the $2400 contract.

It is argued that as plaintiffs in error resided at some distance from defendants in error it must have been understood that the acceptance might be sent by mail. "Where the circumstances are such that it must have been within

the contemplation of the parties that according to the ordinary usages of mankind the post might be used as a means of communicating the acceptance," acceptance by mail is implied and the contract is complete from the moment the letter is mailed. (13 Corpus Juris, sec. 116, p. 300.) We are of the opinion that the letter of acceptance was mailed before McClay revoked his offer. Therefore, under the authorities, it is unnecessary to consider or pass upon the question whether or not, so far as McClay was concerned, a money consideration was paid by plaintiffs in error at the time the purchase price was changed from $4000 to $2400.

There is a suggestion in the briefs of defendants in error that the contract should not be enforced because the description of the property by the initials "E. N. W. sec. 19, twn. 4 rang. 4" is not definite. Under the holdings of this court as to similar abbreviations, (*Paris* v. *Lewis*, 85 Ill. 597, *Taylor* v. *Wright*, 121 id. 455, *McChesney* v. *City of Chicago*, 173 id. 75, and other cases,) we think this description was sufficiently definite to answer the requirements as to enforcing the bill for specific performance.

There is a sharp conflict in the evidence as to whether Mrs. McClay was present when the change in the original contract was made from $4000 to $2400. It has always been held that a decree for specific performance will not be enforced unless the evidence is clear, definite and certain. Mrs. McClay, her husband and her son and daughter all agree that Mrs. McClay was not present at that time, and we cannot say from reading all the evidence in the record that this change, so far as she was concerned, is supported by such clear and positive evidence that the contract, so far as it affects her homestead and dower rights, should be enforced against her by specific performance. The contract having been accepted by a letter mailed before McClay stated it was revoked must be held binding on him, and this contract can bind him regardless of the fact that

the wife is not bound thereby.  *Cohen* v. *Segal*, 253 Ill. 34; *Mikclaiczak* v. *Kruppa*, 254 id. 209.

In view of our holdings on the various points involved, the decree of the circuit court dismissing the bill for want of equity will be affirmed as to Lizzie McClay and reversed as to William McClay, and the cause will be remanded to the circuit court, with directions to enter a decree against William McClay authorizing the decree of specific performance as to his rights in the land in question if plaintiffs in error so desire.       *Reversed in part and remanded.*