**David F. IRVIN and James B. McKelvy d/b/a the Irvin-McKelvy Company, Plaintiffs,**

**v.**

**DANIELS COMPANY CONTRACTORS, INC. and the Daniels Company, Defendants.**

**Civ. A. No. 61–613.**

United States District Court
W. D. Pennsylvania.
Dec. 20, 1961.

Buchanan, Ingersall, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for plaintiffs.

Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., for defendants.

DUMBAULD, District Judge.

This is an action seeking a declaratory judgment (under 28 U.S.C.A. § 2201) that a patent held by defendant, The Daniels Company Contractors, Inc., a Pennsylvania corporation is invalid and has not been infringed by plaintiffs; and also seeking relief under 28 U.S.C.A. § 1338(b), conferring jurisdiction over "a claim of unfair competition when joined with a substantial and related claim under the * * * patent * * * laws." It is averred that defendants wrote letters to people in Pennsylvania notifying them of the issue of the patent and the holder's intention to enforce it.

The revisers' note to that latter section shows that it was intended to codify the rule of Hurn v. Oursler, 289 U.S. 238, 247, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), a case where the owner of copyright to a play charged infringement by plagiarism, with a pendent claim of unfair competition based upon the same facts.

Here the action is brought, not by the holder of the patent to remedy infringement, but by parties claiming that the patent is invalid. We question whether the unfair competition claim in the case at bar is sufficiently "substantial and related" to the patent law question to come under 1338(b). We also question whether it states a cause of action. The letters seem normal enough as efforts of a patent holder to reap his reward, and the averments that they were "unfounded and without reasonable justification" are mere conclusions of the pleader.

In any event it seems clear that the main issue presented by plaintiffs is the question whether the patent is valid vel non, and that this issue can be determined in the suit against the Pennsylvania corporation, which is admittedly doing business in Pennsylvania and subject to the jurisdiction of this Court.

The present "sideshow" arises upon a motion of a second defendant, The Daniels Company, a West Virginia corporation, to quash the service of summons and dismiss the complaint as to it for lack of jurisdiction on the ground that it is not doing business in Pennsylvania, as required by 28 U.S.C.A. 1391(c), which provides that a corporation may be sued in any district "in which it is * * * doing business."

The legal standards dealing with this problem have not grown beyond the classical statement of the late Judge Learned Hand in Hutchinson v. Chase & Gilbert, 45 F.2d 139, 141, 142 (C.C.A. 2, 1930), that "We are to inquire whether the extent and continuity of what it [the corporation] has done in the state in question makes it reasonable to bring it before one of its courts. * * * It is quite impossible to establish any rule from the decided cases; we must step from tuft to tuft across the morass." See also Washington-Virginia R. R. Co. v. Real Estate Trust Co., 238 U.S. 185, 186, 35 S.Ct. 818, 59 L.Ed. 1262 (1915); International Shoe Co. v. State of Washington, 326 U.S. 310, 316–319, 66 S.Ct. 154, 90 L.Ed. 95 (1945); United States v. Scophony Corp., 333 U.S. 795, 807, 68

S.Ct. 855, 92 L.Ed. 1091 (1948); United States v. Aluminum Co. of America, 20 F.Supp. 13, 15 (S.D.N.Y.1937).

Appraising now the contacts or nexus with Pennsylvania upon which the conclusion of "doing business" might rest, we find from the motion papers the following: On two occasions the West Virginia corporation was solicited by customers to submit proposals regarding furnishing and installation of coal washing machinery, but did not get the order. In connection with those proposals the company's president made trips to Pennsylvania (Tr. 27, 39, 41, 46). The company has sold f. o. b. Bluefield, W. Va., some repair parts for installations previously made in Pennsylvania (Tr. 66–67). These items appear to be sporadic, casual, and not sufficiently systematic or substantial to constitute doing business. Also advertising and solicitation alone would not suffice. We disregard also the confusion arising from use of the abbreviated name of the Pennsylvania company, identical with the correct name of the West Virginia company.

A circumstance that does give us pause is the fact that the West Virginia corporation does maintain a bookkeeper in Pennsylvania. (Tr. 21–22, 61.) Apparently keeping books is of importance (238 U.S. at 188, 35 S.Ct. at 819, supra); although merely maintaining an office for convenience, similar to a suite in a hotel rented permanently for occasional use, is not. (45 F.2d at 140, 142, supra.) As *res integra* we should be inclined to hold that employing a permanent bookkeeper would constitute doing business. The accounting department of a business is as important to its success as the sales or production departments, at least in a business run for profit.

Nevertheless, in view of the fact that, as stated above, plaintiffs' real claim will not be affected by dismissal of the West Virginia corporation, we follow a precedent cited by defendant, Chasan v. Caruso, 55 F.Supp. 831 (S.D.N.Y.1943) where Judge Bondy dismissed a complaint in spite of the fact that "The defendant employs a bookkeeper in New York, and that the corporate books are kept in New York." The action will be dismissed as to the West Virginia corporation for lack of jurisdiction.