**RED RIVER TRANSPORT AND DE-VELOPMENT CO., INC., d/b/a Air Freight Express, Plaintiff,**

**v.**

**CUSTOM AIRMOTIVE, INC., Defendant and Third Party Plaintiff,**

**v.**

**CHROME PLATE, INC., Third Party Defendant.**

**Civ. No. A3–80–42.**

United States District Court, D. North Dakota, Southeastern Division.

Sept. 9, 1980.

J. P. Dosland, Dosland, Dosland & Nord-hougen, Moorhead, Minn., for plaintiff.

Stephen W. Plambeck, Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, N.D., for defendant and third party plaintiff.

Mart R. Vogel, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, N.D., for third party defendant.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

Chrome Plate, Inc., third party defendant in the above entitled action, seeks an order dismissing the third party complaint for lack of personal jurisdiction. This is a diversity action which was removed from Cass County District Court, East Central Judicial District of North Dakota to this court on April 2, 1980.

### FACTS

The original complaint in this action alleges that defendant, Custom Airmotive, Inc. (Custom), sold plaintiff, Red River Transport and Development Co., Inc., d/b/a Air Freight Express (Red River), a defective Continental 10–520–F airplane engine. Red River further alleges that as a result of the engine defects, its airplane was substantially damaged by fire. Red River seeks damages in the amount of $37,669.95 for repairs and loss of use of the airplane during the repair period. Red River is a Minnesota corporation with a principal place of business in Fargo, North Dakota. Custom is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

Custom then instituted a third party complaint against Chrome Plate, Inc., a Texas corporation doing business in San Antonio, Texas. The complaint alleges that Chrome Plate sold Custom a defective and unreasonably dangerous cylinder which Custom installed in the engine it sold to Red River. Custom prays for contribution and/or indemnity from Chrome Plate should judgment be entered for plaintiff Red River. Custom also seeks damages of $4,638.00.

Chrome Plate, in turn, has moved for dismissal of the third party complaint for lack of personal jurisdiction. Chrome Plate asserts that as a Texas corporation, it does not have sufficient "minimum contacts" with the State of North Dakota as required to satisfy the due process clause of the United States Constitution and the North Dakota "long arm" statute, N.D.R.Civ.P. 4(b)(2).

## MINIMUM CONTACTS: NORTH DAKOTA STANDARDS

Because this is a diversity case, this court must apply the law of the forum state of North Dakota in order to determine whether personal jurisdiction over Chrome Plate is proper. *Pioneer Insurance Co. v. Gelt*, 558 F.2d 1303, 1309 (8th Cir. 1977); *Lakota Girl Scout Council, Inc. v. Harvey Fund-Raising Management, Inc.*, 519 F.2d 634, 637 (8th Cir. 1975); *Caesar's World, Inc. v. Spencer Foods, Inc.*, 498 F.2d 1176, 1179 (8th Cir. 1974). The applicable standard is set out in Rule 4(b)(2) N.D.R.Civ.P. Rule 4, as amended, was promulgated and adopted by the North Dakota Supreme Court on August 11, 1978 and became effective as of January 1, 1979. The rule, in pertinent part, states as follows:

(2) PERSONAL JURISDICTION BASED UPON CONTACTS. A court of this state may exercise personal jurisdiction over a person who acts directly or by an agent as to any claim for relief arising from the person's having such contact with this state that the exercise of personal jurisdiction over him does not offend against traditional notions of justice or fair play or the due process of law, under one or more of the following circumstances:

(A) transacting any business in this state;

.    .    .    .    .

(C) committing a tort within or without this state causing injury to another person or property within this state;

(D) committing a tort within this state, causing injury to another person or property within or without this state;

Rule 4(b)(2) essentially codifies the standard of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In that case, the Court stated that in order for a forum state to assert *in personam* jurisdiction over a non–resident defendant, the defendant must have such minimum contacts with the forum state that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Id.* at 316, 66 S.Ct. at 158.

In addition to codifying the *International Shoe* standard, North Dakota has expressly adopted the Eighth Circuit format devised to aid in determining whether requisite minimum contacts are present. *See Lumber Mart, Inc. v. Haas International Sales and Service, Inc.*, 269 N.W.2d 83, 88 (N.D. 1978). Therefore, the traditional two–step analysis which requires first, a consideration of the forum state's requirements for personal jurisdiction and second, a determination that the state requirements comport with constitutional due process shall be condensed into one test, that requiring compliance with federal due process standards. *Id.* at 89. Before discussing those standards, the affidavits of Chrome Plate and Custom must be considered, as they set out the facts to which the federal standards will be applied.

Chrome Plate, through an affidavit submitted by its president, George F. Spangler, asserts the following:

5. Chrome Plate, Inc. does no business in the State of North Dakota and has not done so in the past. It has never qualified to do business in that state and has no office or place of business there. It has never appointed an agent to accept service of process on its behalf in private litigation within the State of North Dakota. It now has no personnel, nor has it ever had personnel, in the State of North Dakota. It neither owns nor controls any property, real or personal, tangi-

ble or intangible, in the State of North Dakota; nor has it ever had a North Dakota telephone listing.

6. Chrome Plate, Inc. neither sells or ships its products to individuals, corporations or others located in the State of North Dakota and has never advertised its products in any publications within North Dakota.

7. Chrome Plate, Inc., does not pay any real estate, personal property, income or other taxes to the State of North Dakota, nor has it ever done so. Further, Chrome Plate, Inc. does not own any stock in any North Dakota corporation nor has it ever owned such.

. . . . .

8. Chrome Plate, Inc. has never had, nor does it now supervise, control or otherwise oversee any business operations in North Dakota, whether through distributors or dealers.

Custom, as third party plaintiff, bears the burden of proving that third party defendant Chrome Plate has maintained the minimum contacts necessary to enable the forum state of North Dakota to obtain personal jurisdiction over Chrome Plate. *See Block Industries v. DHJ Industries, Inc.*, 495 F.2d 256, 259 (8th Cir. 1974); *Glover v. Wagner*, 462 F.Supp. 308, 310 (D.Neb. 1978). The only contacts alleged by Custom are set out in the affidavit of Norman D. Lickteig, President of Custom Airmotive, Inc. The affidavit merely states that Chrome Plate "advertises nationally in trade publications, and never at any time made any attempt to limit the states to which its cylinders would be shipped by Custom Airmotive, Inc."

## MINIMUM CONTACTS: FEDERAL STANDARDS

Custom is essentially arguing that Chrome Plate should have foreseen the possibility that Custom would ship Chrome Plate's cylinder to North Dakota. Custom does not state any facts concerning Custom's prior dealings, if any, with North Dakota. Nor does Custom state any facts

concerning the size and scope of its business in general. Further, the Supreme Court has recently considered the impact of foreseeability in personal jurisdiction questions. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

In that case, respondents had purchased an Audi from World–Wide Volkswagen's retail dealer, Seaway. The evidence showed that World–Wide's market was limited to the states of New York, New Jersey and Connecticut. There was no evidence in the record of any contacts with the forum state of Oklahoma beyond the fact that the Audi was present in Oklahoma when it was involved in a car accident in which its alleged defective gas tank exploded. *Id.* at 299, 100 S.Ct. at 568. The Court rejected respondent's argument that it was foreseeable the Audi would be driven to Oklahoma and cause injury there. The Court made clear "the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* at 297, 100 S.Ct. at 567. Custom has not set forth facts sufficient to uphold foreseeability as a basis for personal jurisdiction. The recent case Custom cites, *Oswalt v. Scripto, Inc.,* 616 F.2d 191 (5th Cir. 1980), which was decided after *World–Wide Volkswagen,* is inapposite.

■ As previously noted, the Eighth Circuit has set out five well established general factors to be considered in determining whether assertion of personal jurisdiction complies with due process. These factors include the following:

(1) the nature and quality of the contacts with the forum state;

(2) the quantity of contacts with the forum state;

(3) the relation of the cause of action to the contacts;

(4) the interest of the forum state in providing a forum for its residents; and

(5) the convenience of the parties.

*See Toro Co. v. Ballas Liquidating Co.,* 572 F.2d 1267, 1270 (8th Cir. 1978); *Aaron Ferer & Sons Co. v. Atlas Scrap Iron,* 558 F.2d 450, 453 (8th Cir. 1977); *Pioneer Insurance Co. v. Gelt,* 558 F.2d 1303, 1309 (8th Cir. 1977); *Block Industries v. DHJ Industries, Inc.,* 495 F.2d 256, 259 (8th Cir. 1974); *Caesar's World, Inc. v. Spencer Foods, Inc.,* 498 F.2d 1176, 1180 (8th Cir. 1974); *Shern v. Tractor Supply Co. of Grand Forks,* 381 F.Supp. 1331, 1335–36 (8th Cir. 1974).

■ The first three factors are of primary concern, the last two factors are of secondary concern. *Toro Co., supra* at 1270; *Shern, supra* at 1336. In any case, each question of jurisdiction must be determined on an *ad hoc* basis. *Gardner Engineering Corp. v. Page Engineering Co.,* 484 F.2d 27, 31 (8th Cir. 1973). Considering these principles, it is apparent that Custom has failed to establish facts sufficient to establish any viable contacts between Chrome Plate and the state of North Dakota beyond the implication that trade journals containing advertising by Chrome Plate may have been present in North Dakota. Such a tenuous connection is not sufficient to require Chrome Plate to appear and defend itself in North Dakota. "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

In 1974, this court considered a case with similar contacts including advertising via a contest promotion, mailing brochures and mailing information to travel agents in the forum state of North Dakota. These contacts were held insufficient to enable the court to assert personal jurisdiction over the defendant, a Delaware corporation doing business in San Francisco. *Shern v. Tractor Supply Co. of Grand Forks,* 381 F.Supp. 1331 (D.N.D.1974). A number of other courts, considering similar kinds of contacts, have reached the same conclusion. *See*

*Uston v. Grand Resorts, Inc.,* 564 F.2d 1217 (9th Cir. 1977) (plaintiff's reliance on defendant's advertising brochures insufficient to establish personal jurisdiction); *Rheem Manufacturing Co. v. Johnson Heater Corp.,* 370 F.Supp. 806 (D.Minn.1974) (limited advertising in two trade publications insufficient); *Sanders v. Wiltemp Corp.,* 465 F.Supp. 71 (S.D.N.Y.1979) (newspaper advertisement insufficient); *Baird v. Day & Zimmerman, Inc.,* 390 F.Supp. 883 (S.D.N.Y. 1974), *aff'd mem.,* 510 F.2d 968 (2nd Cir. 1975) (advertisement in telephone directory insufficient); *Honda Associates, Inc. v. Nozawa Trading Post, Inc.,* 374 F.Supp. 886 (S.D.N.Y.1974) (catalogs mailed to forum state as a result of ads defendant placed in nationally circulated magazine insufficient for venue purposes); *Irvin v. Daniels Co. Contractors, Inc.,* 199 F.Supp. 766 (W.D.Pa. 1961) (advertising and solicitation alone insufficient). *But see Parise v. AAA Warehouse Corp.,* 384 F.Supp. 1075 (W.D.Pa. 1974) (brochures distributed in forum state created expectation that defendant warehouser would load goods safely, thus establishing requisite minimum contacts).

Custom has failed to demonstrate the existence of facts sufficient to establish the necessary minimum contacts between third party defendant Chrome Plate and the forum state of North Dakota. *International Shoe, supra.*

IT IS ORDERED that defendant and third party plaintiff's third party complaint against third party defendant Chrome Plate, Inc. is dismissed for lack of personal jurisdiction.