TORBERT, Chief Justice
(dissenting).
I respectfully dissent from the majority’s opinion holding that venue was proper in Greene County.
First, I do not believe that merely running an advertisement is sufficient to constitute “doing business” in a county. The venue statute, Code 1975, § 6-3-7, as well as Ala. Const. 1901, Art. XII, § 232, requires that a corporation be presently engaged in actual corporate activities in the forum county, not just be offering to do business or soliciting business there. An advertisement, in the context of this case, is only a notice to the public intended to *864 arouse a desire to do business in the future. It does not mean that one is actually “doing business” in that county, as is required by statute.
This Court has recently held that a “continuing promise” is not an activity which constitutes “doing business” in a county. Ex Parte Morrison Assurance Co., 437 So.2d 519, 520 (Ala.1983). I believe that a “continuing promise” in a county binds a corporation to that county much more than an advertisement, which binds no one to do anything at all. Since this Court has held that a “continuing promise” in a county is not enough to constitute “doing business” in that county, I cannot agree that the mere distribution of an advertisement in a county is the same as “doing business” there.
Also, this Court has often held that solicitation of business by an agent in a particular area does not constitute doing business in that area. Marcus v. J.R. Watkins Co., 279 Ala. 584, 188 So.2d 543 (1966); Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940); Mertins v. Hubbell Publishing Co., 190 Ala. 311, 67 So. 275 (1916); Beard v. Union & American Publishing Co., 71 Ala. 60 (1879). I believe that the active solicitation of business by an agent is closer to “doing business” than is this passive advertisement, which lists agents who are plainly out of the county. If solicitation is not “doing business,” and it is not, then I fail to see how the distribution of a printed advertisement can be considered to constitute “doing business.”
There is much authority in other jurisdictions for the principle that advertising or soliciting, without more, does not equate with “doing business.” Red River Transport & Development Co. v. Custom Automotive, Inc., 497 F.Supp. 425 (D.N.D.1980) (advertising in trade journals is insufficient to establish doing business); S.A.S. Personnel Consultants, Inc. v. Pat-Pan, Inc., 286 Md. 335, 407 A.2d 1139 (1979) (magazine advertisement is merely solicitation, and is insufficient to establish doing business); Sanders v. Wiltemp Corp., 465 F.Supp. 71 (S.D.N.Y.1979) (newspaper advertisement is insufficient to establish doing business); Uston v. Grand Resorts, Inc., 564 F.2d 1217 (9th Cir.1977) (advertising brochures distributed in an area are insufficient to establish doing business there); Rheem Manufacturing Co. v. Johnson Heater Corp., 370 F.Supp 806 (D.Minn.1974) (advertising in two trade publications insufficient to establish doing business); Baird v. Day & Zimmerman, Inc., 390 F.Supp. 883 (S.D.N.Y.1974), aff'd mem., 510 F.2d 968 (2d Cir.1975) (advertisement in a telephone directory is insufficient to establish doing business); Delagi v. Volkswagenwerk AG of Wolfsburg, Germany, 29 N.Y.2d 426, 278 N.E.2d 895, 328 N.Y.S.2d 653 (1972) (advertising is no more than solicitation, which is insufficient to establish doing business); Riverland Hardwood Co. v. Craftsman Hardwood Lumber Co., 239 So.2d 465 (La.Ct.App.1970) (magazine advertisement is insufficient to establish transacting business); Stafford-Higgins Industries, Inc. v. Gaytone Fabrics, Inc., 300 F.Supp. 65 (S.D.N.Y.1969) (listing in a telephone directory and in yellow pages is insufficient to establish doing business); Liquid Carriers Corp. v. American Marine Corp., 375 F.2d 951 (2d Cir.1967) (solicitation of business is insufficient to establish doing business); AMCO Transworld, Inc. v. M/V Bambi, 257 F.Supp. 215 (S.D.Tex.1966) (solicitation of business is insufficient to establish doing business); Irvin v. Daniels Co. Contractors, Inc., 199 F.Supp. 766 (W.D.Pa.1961) (advertising and solicitation alone are insufficient to establish doing business); West Publishing Co. v. Superior Court, 20 Cal.2d 720, 128 P.2d 777 (1942) (isolated business transactions, solicitation, advertising, product demonstrations, and a listing in a telephone directory are all insufficient to establish doing business). While some of the above cases concern jurisdiction instead of venue, each case uses basically the same test for the term “doing business” and can be analogized to the case at hand. I do not think that it is wise for Alabama to deviate from the great wealth of authority on this issue; rather, I think we should remain consistent with our own cases and *865 with the above cited cases from other jurisdictions.
Second, I believe that the majority’s opinion is factually misleading on the key point upon which the opinion is based. As the majority correctly states, venue is determined as of the time the suit was filed. Although the opinion conspicuously omits the date the suit was filed, the record shows that this lawsuit was filed on June 8, 1982. The basis of the opinion is that as of June 8, 1982, Aero Mayflower, Inc., was “holding itself out for business” because it was advertising its services in the yellow pages of a telephone book which covered a part of Greene County, and this constituted “doing business” there.
The opinion states that this advertisement was present in the 1980, 1982, and 1983 telephone books. However, a close inspection shows that the effective dates of the aforesaid telephone books were from August of 1980 through July of 1981, August of 1982 through July of 1983, and August of 1983 through July of 1984. Therefore, it is obvious from this viewpoint that no advertisement from Aero Mayflower was even being carried in Greene County on June 8, 1982, which is the date this suit was filed. As of June 8, 1982, Aero Mayflower’s most recent contacts with Greene County had been a delivery made there approximately twenty months beforehand and an advertisement in the telephone book which expired over ten months beforehand. I certainly do not believe that these facts constitute “doing business” on June 8, 1982.
Third, this case has come to this Court by a petition for a writ of mandamus. While I realize that mandamus is the proper vehicle to challenge venue, Rochester v. Hamrick Construction Co., 481 So.2d 881 (Ala.1985), we have consistently recognized that mandamus should be granted only when the petitioner makes a clear showing that the trial court abused its discretion by exercising it in an arbitrary or capricious manner. Ex Parte Baker, 459 So.2d 873 (Ala.1984).
The majority opinion seems to recognize that the City Stores case is the closest Alabama case on point, and concludes that, because the petitioner distinguished the present case from City Stores so well, her petition for a writ of mandamus should be granted. In my opinion, this has improperly taken the burden off the petitioner and placed it on the respondent. Petitioner has the burden to prove a clear abuse of discretion, and the burden is not met by merely distinguishing a case on which the respondent relies. Petitioner has not cited to this Court any cases showing that the trial judge clearly abused his discretion, and thus she has not properly supported her petition.
Furthermore, while I do not question that City Stores is factually distinguishable from the present case, the rule of law which is derived from City Stores remains solid and is still applicable to this case. The rule which was adopted by this Court in City Stores is plainly that advertising in a county, without more, does not constitute “doing business” in that county. City Stores, 287 Ala. at 392, 252 So.2d at 52, citing Miller Bros. Co. v. Maryland, 347 U.S. 340, 74 S.Ct. 535, 98 L.Ed. 744 (1954). Although the facts of City Stores are indeed different, the bottom-line rule adopted therein should not be discarded so easily.
For all of the foregoing reasons, I disagree with the majority’s conclusion that venue is proper in Greene County. I believe that the writ should be denied, because the case was properly transferred to Tuscaloosa County.
FAULKNER and HOUSTON, JJ., concur.