EAGLE LIFE INSURANCE COMPANY, INC., Appellant,

v.

Vickie RUSH, Personal Representative of the Estate of Kevin Rush, Deceased, Federal Deposit Insurance Corporation, and Joe Pierce, Appellees.

No. 79390.

Supreme Court of Oklahoma.

May 26, 1992.

As Corrected May 29, 1992.

### ORDER

On April 1, 1992, the thirtieth day after the filing of the final order, appellant placed its petition in error in the mail. The envelope containing the petition in error did not bear sufficient postage. The post office did not deliver the petition in error to the Clerk of this Court, but, instead, returned the envelope, on April 6, 1992, to the offices of appellant's attorneys due to the insufficient postage. The petition in error was then hand-delivered to the Clerk of this Court on April 6, 1992 and was file stamped by the clerk on that date.

Appellees filed motions to dismiss this appeal, claiming that the petition in error was untimely filed. In response, appellant claims that the petition in error should be deemed filed when it was originally mailed on April 1, 1992.

12 O.S.1991 § 990A provides that a petition in error must be filed with the Clerk of this Court within thirty days from the date the final order or judgment is filed. Section 990A further provides that the filing of a petition in error may be accomplished by mail, and that the date of mailing, as shown by the postmark, shall constitute the date of filing.

Appellees' motions to dismiss are granted and this appeal is dismissed because it was not commenced timely and, thus, failed to invoke this court's jurisdiction. 12 O.S.1991 § 990A(A), (D). The date of the mailing of a petition in error shall constitute the date of filing of that petition in error *only* when it is mailed in accordance with the requirements set forth in 12 O.S.1991 § 990A, when it is properly addressed, when it contains sufficient postage, and when such other precautions are taken as are ordinarily observed to insure its safe transmission to this court. The Restatement of Contracts (Second) § 66; *Adams v. Lindsell*, 106 Eng.Rep. 250 (K.B.

1818); *McAlister v. Klein,* 81 Okl. 291, 198 P. 506, 508 (Okl.1921); *Blake v. Hamburg–Bremen Fire Ins. Co.,* 2 S.W. 368, 67 Tex. 160 (1886); *Barnebey v. Barron G. Collier, Inc.,* 65 F.2d 864, 868 (8th Cir.1933); *Wagner v. McClay,* 306 Ill. 560, 138 N.E. 164, 165 (1923), and *International Transport Association v. Des Moines Morris Plan Co.,* 215 Iowa 268, 245 N.W. 244, 246 (1932).

Vote to Dismiss:

OPALA, C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

HODGES, V.C.J., and KAUGER, J., dissent.

Vote to Publish:

OPALA, C.J., HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, WILSON, KAUGER and SUMMERS, JJ., concur.