## Case No. 15,039.

### UNITED STATES v. ELDER.

[4 Cranch, C. C. 507.] [1]

Circuit Court, District of Columbia. March Term, 1835.

DISORDERLY HOUSE—NUISANCE—EVIDENCE.

Facts from which the jury may find the defendant guilty of keeping a disorderly house.

[Cited in brief in Com. v. Kidder, 107 Mass. 191. Cited in Sawyer v. Davis, 136 Mass. 245.]

Indictment [against John Elder] for keeping a disorderly house. Verdict, guilty. Motion for a new trial, on the ground that the verdict was against evidence.

CRANCH, Chief Judge. There was evidence tending to prove the following facts: That the defendant kept a public drinking house in this city, where he sold spirituous liquors to all persons who would buy them, and suffered and encouraged persons to buy and drink them in his house; that his house was frequented by idle, disorderly, suspicious, and drunken persons, sometimes quarreling and fighting, and making a great noise late at night, and even till after midnight; that he kept a public ninepin alley, at which game people were often playing very late at night; that he suffered persons resident in this city to sit and continue drinking spirituous liquors in his house, until they were intoxicated, and this was suffered as much on Sundays as on other days;

[1] [Reported by Hon. William Cranch, Chief Judge.]

that his house was small, and not calculated for the entertainment of travelers, or even of lodgers, there being only two rooms on a floor, and the family occupying the upper stories. There was no evidence of his having had a tavern license at the time stated in the indictment, and respecting which the witnesses testified; nor has any such license been produced, although called for by the court upon this motion for a new trial. A transferred license has been produced, which expired on the first Monday of November, and the time stated in the indictment is the 1st of December, 1834. The indictment is in the common form, charging that he kept a disorderly house, and for lucre and gain caused and procured evil-disposed persons to frequent and come together in his house, and permitted them at unlawful times to be and remain there drinking, tippling, cursing, swearing, and quarreling to the common nuisance, and in manifest destruction and corruption of youth and other people in their manners, conversation, morals, and estate, etc.

The question, then, is whether a house kept in the manner, and for the purpose which, from the evidence, the jury had a right to infer that this house was kept, is not substantially a nuisance, within the meaning of the indictment and of the law. We think it is. Neither the act of assembly of Maryland respecting ordinary licenses, nor the charter of the city of Washington, nor the by-laws of that corporation, as far as we are informed, authorizes the keeping of such a house, in such a manner as it seems to the court by the evidence given upon the trial, the defendant's house was kept. If the defendant had had the most favorable license which the law allows, it could not have justified him in suffering idle, disorderly, suspicious, and drunken persons to meet together in and frequent his house, nor to suffer inhabitants of this city, not being lodgers or boarders in his house, to remain there drinking and tippling, for his lucre and gain, at any time; and especially on Sundays. But if this was done without any license at all, as seems to have been the case, there can be no doubt that it is a common nuisance.