## RUDOLPH v. JURGENSEN *et al.*

### No. 1049.    Opinion Filed November 14, 1911.

#### (119 Pac. 640.)

1. **COURTS—County Courts—Jurisdiction—Statutes—Effect on Pending Actions.** Section 2, art. 1, of an act of the Legislature of 1907-08, entitled ''An act to define the jurisdiction and duties of the county court,'' etc. (Sess. Laws 1907-08, p. 284; section 1978, Comp. Laws 1909), has no application to an action instituted and pending in a county court before the passage and approval of said act.

2. **TRIAL—Verdict—Sufficiency—Signing by Jurors.** Where, in an action in a county court, the parties agree to a trial by a jury of five jurors, instead of six, and a unanimous verdict is returned by said jurors, the verdict is not void, because not signed by all members of the jury concurring.

(Syllabus by the Court.)

*Error from Cimarron County Court;*
*M. W. Pugh, Judge.*

Action by Dave Jurgensen against C. P. Rudolph and John F. Carter. Judgment for plaintiff, and defendant Rudolph brings error. Affirmed.

*Virgil M. Hobbs,* for plaintiff in error.

*W. T. Cleeton,* for defendant in error.

HAYES, J. Defendant in error Dave Jurgensen commenced this action, on April 15, 1908, in the county court of Cimarron county against plaintiff in error and defendant in error John F. Carter to recover upon a promissory note for $100, with interest at the rate of 10 per cent. per annum from July 15, 1907, and attorney's fees. Defendant in error Carter confessed judgment. Plaintiff in error filed his separate answer, denying all the allegations of the petition. Upon the issues thus joined, there was a trial to a jury, which resulted in a verdict and judgment against plaintiff in error for the sum of $125. The trial occurred on the 12th day of October, 1908.

The first assignment of error urged by plaintiff in error in his brief challenges the jurisdiction of the county court to try this cause, because the amount in controversy is less than $200. To sustain his contention, he relies upon section 2, art. 1, of an act of the Legislature of 1907-08 (Sess. Laws 1907-08, p. 284), which in part reads as follows:

"The county court, coextensive with the county, shall have original jurisdiction in all probate matters, shall have concurrent jurisdiction with the district court in civil cases in any amount over five hundred dollars and not exceeding one thousand dollars, exclusive of interest, and exclusive original jurisdiction in all sums in excess of two hundred dollars and not exceeding five hundred dollars.   *   *   *"

It is his contention that this statute repeals that portion of section 12, art. 7, of the Constitution which confers, until otherwise provided by law, upon the county courts, concurrent with the district court, jurisdiction of civil cases in any amount not exceeding $1,000, exclusive of interest, and that it substitutes therefor the foregoing provision of the legislative act, and that county courts no longer have original jurisdiction in civil cases, when the amount in controversy is less than $200. But, whatever may be the effect of the legislative act as to future cases, it can have no operation in the instant case; for it did not become a law until subsequent to the institution of this action in the court below. The act carried the emergency clause, and became effective upon its approval, but it was not approved until June 4, 1908, and this suit was commenced in the preceding April.

Section 54, art. 5, of the Constitution, provides:

"The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute."

If the legislative act of 1908 had the effect to repeal the provision of the Constitution that gave to the county court jurisdiction in civil cases involving less than $200, the foregoing provision of the Constitution prohibits said act from affecting this proceeding, which had been begun before the enactment of the

statute. *State ex rel. West, Atty. Gen., et al. v. McCafferty,* 25 Okla. 2, 105 Pac. 992.

Whether the act of 1908 takes away from county courts jurisdiction in civil cases involving less than $200 is involved in other cases pending in this court, in which a decision will be necessary to dispose of those cases, and we shall reserve our decision thereon until those cases are reached.

The parties agreed that the case should be tried by a jury of five jurors, instead of six, as provided by the Constitution. Plaintiff in error concedes in his brief that his act relative thereto in the lower court constitutes a waiver of his constitutional right to a trial by a jury composed of six jurors. There was a unanimous verdict returned into court, signed only by the foreman. Plaintiff in error contends that said verdict is void, because not signed by all the jurors concurring therein, as required by section 19, art. 2, of the Constitution. That section in part provides as follows:

"In civil cases and in criminal cases less than felonies, three-fourths of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict. In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein."

This provision of the Constitution effected an important change in the jury system, as it had theretofore existed in this jurisdiction. Before the admission of the state, the unanimous concurrence of the jurors was required, in order to render a verdict in any case. By this provision of the Constitution, in all cases, except felonies, less than the whole number of jurors may render a verdict, to wit, three-fourths thereof. But, when less than all the jurors concur in a verdict, it must be in writing and signed by those jurors concurring therein. The verdict in the instant case was agreed upon and rendered by the whole number of jurors constituting the jury. It is true that it was not returned by six jurors, but it was not tried by a jury of six jurors. The right to a jury of six was waived. There was no division in the jury as to what the verdict should be. The con-

stitutional requirement that the verdict shall be signed by the jurors concurring therein was intended to apply only when there is division among the jurors as to what the verdict shall be. Its purpose is to lay solemnly and heavily the responsibility of the act upon the minds of those jurors of any jury who are willing to render against the conclusion and judgment of some of their brother jurors a verdict in a case. There is less probability of error in a verdict in which the minds of all the jurors reach the same conclusion than in one which the minds of the jury differ. Where not all the jurors concur, those concurring, if sufficient in number to render a verdict, should be made to feel fully the responsibility of their act, and to consider carefully the correctness of the conclusion they have reached. This the framers of the Constitution intended to accomplish by requiring the verdicts in such cases to be written and signed by those jurors concurring therein. Their acts are thereby made a public record, and the responsibility therefor not only impressed fully upon the conscience of the jurors, but such knowledge is afforded the public that it may know who renders the verdict. Where a unanimous verdict is rendered, the public knows and each juror knows that the public must know that such verdict is the judgment and act of each juror; but, where the verdict is rendered by less than all the jurors, and it is not reduced to writing and signed by the jurors concurring, it cannot be known by the litigants or by the public who is responsible for the verdict, except as the deliberations in the jury room are disclosed by the jurors. But it is no more necessary for a unanimous verdict of a jury of five to be signed by each juror, in order that it may be known who has concurred therein, than it is necessary for a unanimous verdict of six or twelve to be signed. The verdict is the personal judgment of each juror, or it could not be a unanimous verdict. Parties by their agreement have said that they would accept the verdict of five, as if it were the verdict of six, and the whole number of jurors have concurred. The verdict, we think, falls neither within the letter nor the intendment of the constitutional requirement that certain verdicts shall be signed by the jurors concurring. It is not contended that there

is any statutory provision or rule of common law requiring such verdicts to be signed.

Complaint is made of alleged errors in admission of evidence. These alleged errors are not presented in plaintiff in error's brief with sufficient compliance with the rules of the court to entitle them to consideration; but we have examined them, and find that no prejudicial error has been committed.

The judgment of the trial court is affirmed.

TURNER, C. J., and KANE and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.