(104 So. 777)

### LEDBETTER v. STATE. (7 Div. 58.)

(Court of Appeals of Alabama. May 26, 1925.)

Corporations ⊕⟹324—Evidence held insufficient to sustain conviction.

Mere fact that defendant was president of corporation, which owned and operated place alleged to have been kept open on Sunday, in violation of Code 1907, § 7814, as amended by Gen. Acts 1923, p. 559, it nowhere being shown that person in actual management of place was aided or authorized by defendant to keep place open on Sunday, held not to warrant conviction.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Joe Ledbetter was convicted of keeping open store on Sunday, and he appeals. Reversed and remanded.

Culli, Hunt & Culli, of Gadsden, for appellant.

The burden was upon the state to show, that defendant was in charge of the business at the time and was solely responsible for its being open on Sunday.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The judgment should be affirmed, on authority of Cusimano v. State, ante, p. 502, 103 So. 241.

RICE, J. The defendant (appellant) was indicted, tried, and convicted under section 7814 of the Code of 1907, as amended by act of the Legislature approved September 27, 1923 (Gen. Acts Ala. 1923, p. 559), and appeals. The pertinent part of the act, under which the defendant was prosecuted, reads as follows:

"Any person who * * * being a merchant or shopkeeper, druggist excepted, keeps open store on that day (Sunday) must be fined," etc.

The only place of business that the evidence tended to show was kept open on Sun-

day was a place known as "The Stag," shown, without conflict in the testimony, to be owned and operated by "The Stag, Inc.," a corporation. There was some proof that the defendant was the president of said corporation, though, we are persuaded, the proof as to this fact was not definite that he was such president at the time the offense, for which he was indicted and tried, was committed. The chief reliance of the state for a conviction, in fact the only one, was that the defendant was the president of the corporation, which owned and operated the place alleged to have been kept open on Sunday, in violation of law. This, in our opinion, was not enough to warrant his conviction. The testimony shows without dispute that one Smith was the manager of the place in question, and that the said Smith employed and paid one Bernard, the man shown to have been in active charge of the same, upon the occasion made the basis of the indictment. The sole connection of the defendant, as shown, was that he, as president of the corporation mentioned, assuming for the moment that he was shown to be such president during the time involved, employed Smith to manage the place. It nowhere appears that Smith was instructed by him, or aided by him, or authorized by him, to keep the place open on Sunday. The proof, as shown by the record, was not sufficient to sustain the conviction of the defendant, and the judgment is reversed, and the cause remanded.

Reversed and remanded.