**UNITED STATES v. LAFFAL et al.**

No. 1080.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 3, 1951.

Decided Oct. 23, 1951.

Emory W. Reisinger II, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., Washington, D. C., was on the brief, for appellant.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellant.

J. E. Bindeman, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

An information was filed against appellees charging them with keeping a disorderly house.[1] They moved that their arrest be quashed.[2] The court granted the motion and dismissed the information. The Government has appealed.

The motion to quash the arrest was directed at alleged deficiencies in the affidavits on which the warrant of arrest was issued. Appellees urge that the affidavits, made by two members of the police force, did not establish probable cause that the offense of keeping a disorderly house had been committed. The affidavits set forth that the premises, a restaurant at which beer and light wines were sold, were on

---

1. "Any person convicted of keeping a bawdy or disorderly house shall be punished by a fine not exceeding five hundred dollars or imprisonment not exceeding one year, or both." Code 1940, § 22–2722.

2. The statement of proceedings indicates that appellees also made a motion to dismiss the information but the only motion set out in the record is the motion to quash arrest.

three consecutive days frequented by known prostitutes who met men there, left with them and returned unescorted after short intervals; that drunken men and women were permitted to remain on the premises; that loud and profane language was used and obscene acts committed there. Our Code does not define disorderly house and we must resort to the common-law definition. At common law the term disorderly house had a very broad definition [3] and we think the facts set forth in the affidavits establish probable cause for believing the offense was being committed.

The next point urged by appellees, which seems to have been the main point urged below, is that the only reference in the affidavits to appellee Laffal, the sole person named in the warrant, is that he was president of the corporation which operated the restaurant, and that there was no showing that Laffal was present at the premises when the alleged incidents occurred or had knowledge of them, and therefore there was no showing of any criminal responsibility on his part. While it is the general rule that an officer of a corporation is not criminally liable for acts of the corporation performed through other officers or agents not acting under his direction or with his permission,[4] nevertheless there "is ample authority in support of the principle that the directing heads of a corporation which is engaged in an unlawful business may be held criminally liable for the acts of subordinates done in the normal course of business, regardless of whether or not these directing heads personally supervised the particular acts done or were personally present at the time and place of the commission of these acts." [5] Here there was reason to believe that the corporation was conducting its business, i. e., operating its restaurant, in such a manner as to constitute the offense of keeping a disorderly house. The president of a corporation is generally its chief executive officer and it is a fair inference that he is acquainted with the conduct of the business of the corporation. If the corporation in the conduct of its business was keeping a disorderly house, there was probable cause to believe that its president knew of it and either procured it to be done, or permitted it to be done, or did nothing to prevent it.[6] We are not concerned here with whether the offense had in fact been committed or whether Laffal is guilty thereof.[7] We are concerned only with probable cause and in our opinion the affidavits showed probable cause.

Even if the affidavits supporting the warrant of arrest were defective, it was still error to dismiss the information. The warrant was issued and the arrest made prior to filing the information.[8] When appellees moved to quash the arrest, a verified information was pending against them. No contention is made here, and apparently none below, that the information was defective. Appellees state that the trial judge dismissed the information because "it was apparent that the prosecution was based on the same affidavits which he had already held to be insufficient," but the trial court had no right to assume, if it did, that in proving its case the Government would offer no evidence other than that contained in the affidavits.

" * * * a false arrest does not necessarily deprive the court of jurisdiction of the proceeding in which it was made."

3. 27 C.J.S., Disorderly Houses, § 1; 17 Am.Jur. Disorderly Houses, § 2; Wharton's Criminal Law (12th ed.), § 1722. See also United States v. Gray, Fed. Cas.No.15,251, 2 Cranch C.C. 675; United States v. Elder, Fed.Cas.No.15,039, 4 Cranch C.C. 507.

4. 13 Am.Jur. Corporations § 1100.

5. Carolene Products Co. v. United States, 4 Cir., 140 F.2d 61, 66, affirmed 323 U.S. 18, 65 S.Ct. 1, 89 L.Ed. 15. See also People v. Detroit White Lead Works, 82 Mich. 471, 46 N.W. 735, 9 L.R.A. 722; State v. McBride, 215 Minn. 123, 9 N.W.2d 416; People v. Cooper, 200 App.Div. 413, 193 N.Y.Supp. 16. Cf. Ledbetter v. State, 20 Ala.App. 626, 104 So. 777.

6. Cf. De Forest v. United States, 11 App. D.C. 458.

7. United States v. Basiliko, D.C.Mun.App., 35 A.2d 185.

8. There is no indication in the record that any evidence was seized or obtained incident to the arrest.

Albrecht v. United States, 273 U.S. 1, 8, 47 S.Ct. 250, 252, 71 L.Ed. 505. In Davenport v. District of Columbia, D.C.Mun.App., 61 A.2d 486, we referred to the well-settled rule that a court will not inquire into the manner in which an accused is brought before it.[9] In Commonwealth v. Gorman, 288 Mass. 294, 192 N.E. 618, 621, 96 A.L.R. 977, the court said: " * * * we think it is the law, that where a defendant is physically before the court upon a complaint or indictment, either because he is held in custody after an arrest or because he has appeared in person after giving bail, the invalidity of his original arrest is immaterial, even though seasonably raised."

There is even less in the record to justify the court's action with respect to the appellee Miles. She was not named in the warrant of arrest and the record does not show when or under what circumstances she was arrested. The record contains nothing to even indicate that her arrest was illegal.

Reversed and remanded.

---

9. See also Sheehan v. Huff, 78 U.S.App.D.C. 391, 142 F.2d 81, certiorari denied, 322 U.S. 764, 64 S.Ct. 1287, 88 L.Ed. 1591.