James Edward BLACKETER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15494.

Court of Criminal Appeals of Oklahoma.

May 26, 1971.

 

Turner & Gregg, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge:

Plaintiff in Error, James Edward Blacketer, hereafter referred to as defendant, was tried by a jury in the District Court. of Oklahoma County, Oklahoma, Case No. CRM-69-435, on the charge of Operating an Open Saloon; the jury returned a verdict of guilty and fixed defendant's punishment at ninety (90) days in the County Jail and a fine of Five Hundred ($500.00) Dollars; judgment and sentence was accordingly entered by the court, from which defendant has perfected his appeal to this Court. Defendant's Motion for New Trial was overruled on July 28, 1969. Thereafter, defendant filed his Notice of Appeal and ordered a casemade, which is in form and effect a designation of the record.

Defendant filed his Petition in Error on July 31, 1969, after which the State filed its Motion to Dismiss defendant's appeal, asserting defendant's failure to file his Petition in this Court within thirty (30) days from the date of entry of the judgment and sentence, as provided by the new Court Rules.

Defendant's Response to the State's Motion to Dismiss propounds the position that, when the 1969 Legislature repealed 22 O.S.Supp.1965, §§ 1054 and 1060, it did so without attaching the emergency clause; and as the result of the 1969 Repealer Statute those sections were ineffective to deprive defendant of his right to rely upon the repealed sections as guidelines for appeal in this case; and, that the repeal thereof did not become effective until July 29, 1969, ninety (90) days after Sine Die adjournment of the 1969 Legislature on April 29, 1969. A search of the 1969 Session Laws of the Oklahoma Legislature fails to disclose any effort whatsoever to repeal 22 O.S.Supp.1965, § 1054, although it does disclose a repeal of 22 O.S.Supp. 1965, § 1060.

Judgment and sentence of defendant was entered in the trial court on June 17, 1969. Article V, § 54 of the Oklahoma Constitution appears to apply to defendant's right to appeal. That constitutional provision, in pertinent part, is as follows:

"The repeal of a statute shall not * * *, nor shall such repeal affect any accrued right or penalty incurred or proceedings begun by virtue of such repealed statute."

██ An "Accrued Right" is defined as a matured cause of action or legal authority to demand redress. See Morley v. Hurst, 174 Okl. 2, 49 P.2d 546 (1935).

██ On the date defendant filed his Notice of Appeal, June 19, 1969, his rights were fixed under the existing statutes, including Sections 1054 and 1060 of Title 22 O.S.Supp.1965; and the subsequent repeal of those sections did not affect defendant's matured right to demand redress by appeal to this Court.

Defendant has advanced ten propositions of error upon which he relies for reversal of his conviction, but only the first one will be discussed herein; that proposition asserts:

1. The trial court erred in overruling defendant's demurrer to the evidence.

The facts which gave rise to this appeal, stated briefly are that on May 5, 1969, two enforcement officers of the Oklahoma Alcoholic Control Board, E. J. Corbin and Gregory Ruth, entered the premises known as Steak 'N Ale on North Brookline Street in Oklahoma City; in which premise is also located the Jolly Ox Club. Either just before or directly upon entering, one of the enforcement officers inquired about membership in the Jolly Ox Club. He was informed that membership required the fil-

ing of an application, and Five ($5.00) Dollars for a membership fee.

As the officers entered the club room, Mr. Ruth was supplied with an application, and the two officers were asked what they wanted to drink. Each responded "Scotch and Water." The officers' testimony was that while Mr. Ruth was filling out the application, but before it was completed and returned to the waitress—who was named as one of the co-defendants—two drinks were delivered. During the course of these officers' stay in the premises, they once retired from the club area to the restaurant for dinner. Each ordered and received, according to their testimony, at least two drinks of scotch and water. One of the officers took a sample of each of the drinks received, which was subsequently delivered to the Oklahoma Bureau of Investigation for analysis; but the analysis report was never divulged to the jury, and the only testimony regarding the alcoholic content of the drinks supplied the officers was their opinion testimony that the drinks were scotch and water. Five other Alcoholic Control Board Officers were in the restaurant during the time Corbin and Ruth were there, but no testimony of any of those was offered by the State, or the defendant.

Shortly after Officers Corbin and Ruth returned to the area of the Jolly Ox Club from the restaurant area, confiscation of the liquor in the club area was commenced by the Officers of the Oklahoma Alcoholic Control Board. Shortly thereafter defendant appeared, claiming responsibility for the liquor being taken and objecting vigorously to its being removed. The confiscated liquor was placed in the possession of the Sheriff of Oklahoma County. It was later returned to the Jolly Ox Club under orders of the magistrate who conducted defendant's preliminary examination.

Defendant's defense appears to be that Officer Ruth had been in the club the previous May 1, 1969, when he left a bottle of scotch; and it was from that bottle the two officers were served their drinks on the date here involved, May 5, 1969. Defendant carefully weaved his defense to avoid the conclusion that the drinks were "sold" from liquor kept for sale on the premises for consumption thereon.

■ In support of his first proposition, defendant relies on the case of Brannin v. State, Okl.Cr., 375 P.2d 276, 280 (1962), wherein this Court, speaking through Judge Bussey, designated the necessary ingredients of proof for a prima facie case of Operating an Open Saloon, as follows:

"* * * under Art. 27, section 4 of the Oklahoma Constitution, the punishment for which is delineated in Title 37, § 538, it is necessary before the state can make a prima facie case, they must prove: (1) that the accused is the owner or operator of any place where intoxicating liquor is (2) sold or offered for sale by the drink and (3) kept for sale for consumption on the premises."

Even a casual perusal of the evidence offered in this case shows conclusively that there is no evidence of substance which proves, or tends to prove, that defendant was either the owner or the operator of the Jolly Ox Club or the Steak 'N Ale Restaurant; and, if defendant was the owner or operator of any other place, no effort was made by the State to prove such fact in this case.

Except for the testimony concerning delivery of the drinks by the waitress and payment therefor to her, there is no evidence that the restaurant was one where liquor was kept, sold, or offered for sale by the drink; and, as we interpret the foregoing statement from Brannin v. State, *supra*, even if such proof concerning the restaurant were in the record, the absence of sufficient proof that the defendant was the owner or operator thereof is fatal to proof of a prima facie case.

Without attempting by logic or other authority to the contrary, the State responds to defendant's citation of *Brannin, supra,*

by reliance upon United States v. Laffal et al., D.C.Mun.App., 83 A.2d 871, 872 (1951), with the following statement:

"Here there was reason to believe that the corporation was conducting its business, i. e., operating its restaurant, in such a manner as to constitute the offense of keeping a disorderly house. The president of a corporation is generally its chief executive officer and it is a fair inference that he is acquainted with the conduct of the business of the corporation. If the corporation in the conduct of its business was keeping a disorderly house, there was probable cause to believe that its president knew of it and either procured it to be done, or permitted it to be done, or did nothing to prevent it."

The foregoing recitation purports to overcome the pronouncements of this Court in *Brannin, supra*, with the apparent inference that the corporation, the Jolly Ox Club, Inc., of which defendant was the president and a minority stockholder, was operating an open saloon; and that he, as the chief executive officer, being acquainted with the conduct of the corporation's business, which according to *Laffal, supra*, inferentially gave rise to probable cause to believe that he knew of such operation, or permitted it to be done, or did nothing to prevent the operation. But the fallacy of this analogy looms two-fold: First, there is no evidence (in fact there is evidence to the contrary) that the corporation was operating its business so as to constitute the offense of operating an open saloon. Therefore, we hold to the general rule in this regard concerning criminal responsibility of corporate officers, that an officer of a corporation is not criminally liable for the acts of the corporation performed through other officers or agents, of the corporation not acting under his direction or with his permission.

See: 19 Am.Jur.2d, § 1391 p. 786; State v. Carmean, 126 Iowa 291, 102 N.W. 97; and State v. Lux, 235 Minn. 181, 50 N.W.2d 290.

It seems sufficiently clear in this case that the acts complained of were performed by defendant's co-defendants, the barmaid and the bartender, at a time when defendant was not even present; and under circumstances which, without evidence, give rise to no inference of knowledge on his part that the acts were performed with his permission. We cannot assume that defendant's claims of responsibility for the liquor being confiscated, upon his entry of the premises, was anything more than his feeling of responsibility to the other stockholders and the members of the Jolly Ox Club, who had left their liquor in safekeeping with the club management. Certainly it is not evidence of either ownership or operation of the club, but only shows his concern for the safety of those items left with the club by its members. Under present statutes we decline to abandon or modify the requirements for proof of a prima facie case of "Operating an Open Saloon," arrived at in Brannin v. State, *supra*, by Judge Bussey, after his arduous and time consuming study and consideration; and we are therefore constrained, in view of the state of the record of this appeal, to follow that case; and in doing so we reach the conclusion that the evidence in this case falls short of the required standards of proof set forth in that decision.

We are therefore of the opinion defendant's Demur to the State's Evidence should have been sustained, and for the reasons stated herein, the judgment and sentence in Case No. CRM–69–435 in the District Court of Oklahoma County, Oklahoma, should be, and is, reversed and remanded with instructions to dismiss the case.

NIX, J., concurs.

BUSSEY, P. J., not participating.