JACO PRODUCTION COMPANY; Leroy Brown; Virginia Brown; Barrett Drilling Company, et al., Plaintiffs/Appellees,

v.

Frank LUCA and Carmela Luca, Defendants/Appellants,

and

Roger M. Mills; Edwin Walters; Thomas Walters; and Samuel Hodges, Additional Defendants/Appellees,

and

Star Production, Inc., d/b/a Tex–Star Production; Ronney R. Dice; and Roger Mills, Intervenors/Appellees,

and

Chris Cockrell; and Mickey J. Overall, Third–Party Defendants/Appellees,

and

Jim Cox Oil, Inc.; and Sancho Oil, Inc., Additional Defendants/Appellees.

No. 78120.

Supreme Court of Oklahoma.

Nov. 19, 1991.

Rehearing Denied Feb. 4, 1992.

### ORDER

This is an appeal from judgment *entered in a common-law action on a general jury verdict* that awards damages. The verdict was returned and filed on *June 18, 1991.* A journal entry of judgment on that verdict was signed by the trial judge and filed on *July 19, 1991.* Appellants' petition in error was filed here *on Monday, August 19, 1991.*

Appellees moved to dismiss because the appeal was not commenced within thirty days of the filing of the jury verdict. They argue that 12 O.S. § 696.1 and 12 O.S. § 990A, enacted by Sections 6 and 15 of Ch. 251, Oklahoma Session Laws 1991, require an appeal to be commenced within thirty days of the judgment's *entry by the clerk* upon a general verdict in a common-law case.

■ *Appellees are correct. In a common-law action, such as the present case, the appealable event arises when judgment is entered by the clerk on a general jury verdict, as provided by 12 O.S.Supp. 1991 § 696.1. The judgment so entered must be appealed within thirty days.*

■ This appeal *will not* be dismissed. Our holding shall operate *prospectively.* It will apply only to those appeals in common-law actions where a general jury verdict is *entered by the clerk without reservation and hence becomes a judgment under § 696.1 after the effective date of this order.* This course is taken to avoid unfairness and unnecessary hardship to liti-

gants who may be unaware of the change in appellate procedure effected by the enactment of 12 O.S.1991 § 696.1. *Poafpybitty v. Skelly Oil Company*, 394 P.2d 515, 520 (Okl.1964). In this case, § 696.1 became effective just eighteen days before the jury verdict was returned. When prospective application is given by this court to its decisions on novel points of statutory appellate procedure on which there is no extant case law exposition, obscure legislative enactments are kept from becoming a veritable trap for the unwary.

The motions of all of appellees are denied and this appeal shall proceed in its ordinary course, in the manner contemplated by the Rules of Appellate Procedure in Civil Cases, 12 O.S.1990 Supp., Ch. 15, App. 2. Appellants may raise on appeal all errors relating to *any* intermediate orders—those of March 7, 1991 and March 13, 1991 as well as others. 12 O.S.1981, § 952(a).

OPALA, C.J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in result.