Wanda **DOTSON**, Personal Representative of Alfred Roberts, deceased, and Wanda Dotson, guardian of Mary Roberts a/k/a Mary Hoover Roberts, an incompetent person, Appellants,

v.

H.E. **RAINBOLT**; Liberty State Bank, Inc., a corporation; et al., Appellees.

No. 79632.

Supreme Court of Oklahoma.

July 13, 1992.

As Corrected Sept. 14, 1992.

### ORDER

On June 16, 1992, the trial judge filed an order, dismissing two of seven defendants from the action, and entering summary judgment in favor of the remaining defendants on all of plaintiffs' claims except plaintiffs' fraud claim. Appellants brought this appeal and appellees filed motions to dismiss.

Appellees' motions to dismiss are granted and this appeal is dismissed as premature. The June 16, 1992 order of the district court, which dismisses two defendants from the action, and grants summary judgment in favor of remaining five defendants on all of plaintiffs' claims except the fraud claim, is not a final order. In a multi-party, multi-claim case, an order which dismisses fewer than all of the defendants is not a final order *unless* the order expressly determines that there is no just reason for delay and expressly directs the filing of a judgment. 12 O.S.1991 § 1006. The case of *Davis v. Dickerson*, 803 P.2d 1170 (Okl. App.1990), which held that an order disposing of all of the issues as to one defendant is a final order, was decided prior to the enactment of 12 O.S.1991 § 1006 and does not govern appeals from orders or judgments filed after January 1, 1991. Any order which adjudicates only one of several theories of recovery is not a final order, and the trial court may not direct the filing of a separate judgment. 12 O.S.1991 § 1006, Bar Committee Comments to § 1006.

OPALA, C.J., HODGES, V.C.J., and SIMMS, HARGRAVE and SUMMERS, JJ., concur.