Marjorie PATMON, Plaintiff–Appellant,

v.

Mary F. BLOCK, M.D., an individual and Mercy Health Center, Inc., a corporation, Defendants–Appellees,

and

Donald K. Rahhal, M.D., an individual, and Donald K. Rahhal, M.D., Inc., a professional corporation, Defendants.

No. 79583.

Supreme Court of Oklahoma.

April 27, 1993.

---

Michael T. Braswell, Braswell & Adjei, Oklahoma City, for plaintiff-appellant.

Charles F. Alden, III, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for defendant-appellee, Mercy Health Center, Inc.

Glen D. Huff, Susan A. Short, Foliart, Huff, Ottaway & Caldwell, Oklahoma City, for defendant-appellee, Mary F. Block, M.D.

OPALA, Justice.

Two questions are presented: (1) Is Marjorie Patmon's [Patmon's] appeal *untimely* for review of the summary judgment in favor of Mercy Health Center, Inc. [the hospital][1] on Patmon's negligent hiring and credentialing claim? and (2) Should this appeal for review of the summary judgment for Mary F. Block, M.D. [Dr. Block] on Patmon's medical malpractice claim be dismissed as untimely?[2] We answer the first question in the affirmative and the second in the negative. Plaintiff's quest for corrective relief from the trial court's summary judgment in favor of the *hospital* comes here *too late;* the trial court's summary judgment for *Dr. Block* is the only *reviewable decision* before the court.

## I

### THE ANATOMY OF LITIGATION

In the action below Patmon was plaintiff and Donald K. Rahhal, M.D. [Dr. Rahhal], Dr. Rahhal's professional corporation, Dr. Block and the hospital were defendants. Patmon went to Dr. Rahhal in 1984 for a hysterectomy. Dr. Block assisted Dr. Rahhal in Patmon's surgery at the hospital. Plaintiff alleges she was harmed (1) by the *hospital's practice* of routinely credentialing incompetent physicians and hiring unfit nurses, and (2) by Dr. Rahhal, Dr. Block and a nurse, whose *substandard postoperative care* gave her a hernia. The trial court *pronounced summary judgment for the hospital on September 17, 1987. Patmon neither timely moved for a new trial nor perfected an appeal within thirty days of that judgment's pronouncement.* Years later, a successor trial judge *pronounced* summary judgment for Dr. Block on October 18, 1991. It was *memorialized* on March 26, 1992. Another successor trial judge *dismissed* without prejudice Patmon's remaining claim (against Dr. Rahhal and his corporation) when she refused to proceed to trial. The *dismissal order* was *filed* April 7, 1992. *Patmon brought here her May 6, 1992 petition in error for review of the summary judgments for the hospital and for Dr. Block.*[3] The hospital and Dr. Block both urge that this appeal should be *dismissed as untimely* for review of *the two summary judgments.*

## II

### PATMON'S PLEA FOR REVIEW OF THE HOSPITAL'S SUMMARY JUDGMENT IS GOVERNED BY THE PROCEDURE IN FORCE WHEN THAT JUDGMENT WAS PRONOUNCED,[4] RATHER THAN BY THE TERMS OF THE LATER-ENACTED 12 O.S. 1991 § 1006[5]

The hospital contends that Patmon's plea for corrective relief from the trial court's

---

1. *Summary judgment* for the hospital was *pronounced September 18, 1987;* this appeal was commenced by a *May 6, 1992 petition in error.*

2. Although summary judgment for Dr. Block was *pronounced* October 18, 1991 and *memorialized* March 26, 1992, the action below continued until a dismissal without prejudice of the remaining claim against Dr. Rahhal and his corporation was filed April 7, 1992. *Patmon's petition in error names neither Dr. Rahhal nor his corporation as a party appellee.*

3. Patmon complains, *inter alia,* that there was error in the summary judgments for the hospital and for Dr. Block because the record shows the *existence of genuine issues of material fact.*

4. *State v. McCafferty,* 25 Okl. 2, 105 P. 992, 996 (1909); *Rudolph v. Jurgensen,* 31 Okl. 32, 119 P. 640 (1911) and *Blacketer v. State,* Okl.Cr., 485 P.2d 1069, 1070 (1971).

5. The pertinent terms of 12 O.S.1991 § 1006, eff. June 1, 1991 are:
   "*When more than one claim for relief is presented in an action ... or when multiple parties are involved,* the court may direct the preparation and filing of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the filing of judgment. In the absence of such determination and direction, *any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties ....*" [Emphasis provided.]
   As originally adopted in Okl.Sess.Laws, 1990, ch. 251, § 6, the quoted language was codified as subsection (A). Subsection (B), which is not applicable here, was removed when the Legislature amended § 1006 effective June 1, 1991. Okl.Sess.Laws, 1991, ch. 251, § 18.

summary judgment for the hospital, brought more than five years after it was *pronounced,* is untimely because the law *then* in force called for an appeal *to be lodged within thirty days of the judgment's pronouncement.*[6] Patmon, on the other hand, relies upon later-enacted legislation, 12 O.S.1991 § 1006,[7] which *now* governs litigation with multiple parties or claims, to support her contention that this appeal is timely for review of *all orders in the case which preceded the dismissal.*

A litigant's *right of appeal is governed by the law in effect when the appealable event takes place.*[8] Review of the trial court's summary judgment *for the hospital,* pronounced *September 18, 1987*—well before the provisions of 12 O.S. 1991 § 1006 became effective—[9] *is governed by the procedure in force when that judgment was given below. That procedure provided that an appeal must be commenced within thirty days of the judgment's pronouncement. Review of* the hospital's *summary judgment should have hence been initiated by an appeal brought on or before October 18, 1987*[10] *rather than on May 6, 1992.*

When Patmon's *single* claim against the hospital was decided, the law provided that the determination of all the issues in an entire cause of action among several stated in a lawsuit constitutes a judgment[11] within the meaning of 12 O.S.1981 § 681[12] and is at once appealable.[13] Contrary to her contention, Patmon's *separate claims* against the hospital[14] and against her physicians are not merely *allegations of alternative grounds for recovery of damages* occasioned by a *single wrong or occurrence. They are clearly distinct causes of action founded on separate consecutive rather than concurring transactions or wrongs.*[15] The former (against the hospital) is anchored on what Patmon perceives as the hospital's negligent hiring and credentialing practices for nurses and doctors.[16] The latter (against the physicians)

6. For an explanation of the appellate procedure that governs summary judgment for the hospital, *see infra* note 10.

7. For the terms of 12 O.S.1991 § 1006, *see supra* note 5.

8. *McCafferty, supra* note 4 at 996; *Jurgensen, supra* note 4 at 640 and *Blacketer, supra* note 4 at 1070.

9. The provisions of § 1006 are effective for judgments after January 1, 1991.

10. Appellate procedure that governs the hospital's summary judgment required that an appeal be commenced within *thirty days from the date of the judgment sought to be reviewed.* 12 O.S. 1981 § 990 (repealed by Okla.Sess.Laws 1990, c. 251, § 20, eff. Jan. 1, 1991). Appeal time was measured from the judgment's *pronouncement. See Oklahomans for Life, Inc. v. State Fair of Okl.,* Okl., 634 P.2d 704, 706 (1981), superseded by 12 O.S.1991 § 1006 for appealable events that occur in multi-party, multi-claim actions after January 1, 1991.

11. *Oklahomans, supra* note 10 at 706. *Compare Eason Oil Co. v. Howard Engineering,* Okl., 755 P.2d 669, 671–672 (1988), which teaches that where *interrelated* claims are left pending, summary judgment for less than all of the defendants is *not* an appealable event. For appellate procedure in multi-claim, multi-party suits governing post-January 1, 1991 judgments, *see* the terms of § 1006, *supra* note 5.

12. The terms of 12 O.S.1981 § 681 are:

"A *judgment* is the *final determination of the rights of the parties* in an action." [Emphasis provided.]

*See* 12 O.S.1981 § 952(a), whose pertinent terms provide:

"The Supreme Court may *reverse, vacate or modify judgments of the district court* for errors appearing on the record ..." [Emphasis provided.]

13. *Hurley v. Hurley,* 191 Okl. 194, 127 P.2d 147, 150 (1942) and *Methvin v. Methvin,* 191 Okl. 177, 127 P.2d 186, 188 (1942). For appealable events in multi-party, multi-claim actions *after* January 1, 1991, *see* § 1006, *supra* note 5 and *Dotson v. Rainbolt,* Okl., 835 P.2d 870 (1992).

14. Although Patmon's claim for negligent hiring and credentialing of nurses and doctors appears at first blush to be cast as if she intended to bring it against *all of the defendants,* it is clear that her allegations implicate and target only *the hospital's hiring and credentialing practices.*

15. *See Retherford v. Halliburton Co.,* Okl., 572 P.2d 966, 968–69 (1978); *see also Chandler v. Denton,* Okl., 741 P.2d 855, 862–863 (1987), where, in applying the savings statute, 12 O.S. 1991 § 100, we distinguished a "cause of action" from mere "theory of recovery."

16. The operative events surrounding Patmon's claim against the hospital are the latter's credentialing of physicians at its facility *with full*

rests on her allegations of substandard medical treatment during the postoperative period that followed her hysterectomy.[17]

The trial court's summary judgment for the hospital *entirely disposes of Patmon's complaint* that the hospital's hiring practices for nurses and its procedures for credentialing physicians were substandard. By *denying any recovery to the plaintiff* the September 18, 1987 summary judgment for the hospital completely *severed that entity as a party defendant in the action.*[18] *Because Patmon failed timely to appeal from that summary judgment, the error, if any there was in its rendition, has now long passed beyond the reach of our reviewing cognizance.*[19]

## III

### PATMON'S APPEAL FOR REVIEW OF DR. BLOCK'S SUMMARY JUDGMENT IS GOVERNED BY THE TERMS OF 12 O.S.1991 § 1006[20] AND IS HENCE TIMELY

█ The law in effect when summary judgment for Dr. Block was *entered* (March 26, 1992) governs the appeal time for review of that disposition.[21] When § 1006[22] became effective in 1991, a decision upon *all multiple claims* in an action and the settlement of the rights and liabilities of *all the parties* to those claims became a *sine qua non* of an appealable event *unless* the judge would earlier expressly determine that there was no just reason for delay of an appeal and would direct that a judgment disposing of less than all claims and all parties be filed at once.[23] Summary judgment for Dr. Block was *pronounced* October 18, 1991 and *memorialized* March 26, 1992, *without an express statutorily authorized command for an immediate appeal.* Patmon's claim for relief against Dr. Rahhal and against his corporation *was dismissed without prejudice* by a successor trial judge when Patmon refused to proceed to trial. *The dismissal order, which marks the disposition of all the claims and the settlement of all the issues among the parties, was filed April 7, 1992.*

According to Dr. Block, this appeal is *premature* for corrective relief from summary judgment in her favor. She contends the trial court's April 7 *without prejudice* dismissal of the remaining claim against Dr. Rahhal and against his professional corporation was *not* appealable. According to Dr. Block, this is so because Patmon could have filed *a new action against the dismissed entities.*

█ An order of dismissal that terminates an action without prejudice is appealable even though a *new suit* might later be brought on the same claim against the same defendants.[24] Appeal time for review of the court's summary judgment in Dr. Block's favor began to run with the filing of the trial court's April 7 dismissal order.

*knowledge of their incompetence* and *its negligence in the recruitment and selection of staff nurses.* Proof of this claim would not rest solely upon the June 22 transactions, as would Patmon's allegations against the physicians; rather, supporting evidence for this claim would include, e.g., (a) the hospital's procedures for credentialing doctors and its *knowledge* of the defendant physicians' qualifications and reputations at the time they were credentialed and (b) its employment procedures for nurses, including the kind of background check run when the offending nurse was hired.

17. Patmon's claim against the physicians arises from postoperative care received on June 22, 1984, when she vomited *after* her surgery.

18. *Oklahomans, supra* note 10 at 706. Patmon did *not* invoke the doctrine of *respondeat superior* to hold the hospital liable for the nurse's conduct.

19. *Oklahomans, supra* note 10 at 706.

20. For the terms of 12 O.S.1991 § 1006, *see supra* note 5.

21. *See McCafferty, supra* note 4 at 996; *Jurgensen, supra* note 4 at 640 and *Blacketer, supra* note 4 at 1070.

22. For the terms of 12 O.S.1991 § 1006, *see supra* note 5.

23. 12 O.S.1991 § 1006; *Dotson, supra* note 13 at 870.

24. *Southwestern Natural Gas Co. v. Vernor,* 178 Okl. 344, 62 P.2d 1262, 1264–1265 (1936). *See, e.g., Martin v. District Court of Comanche County,* Okl., 460 P.2d 898, 899 (1969); *Wilson v. Walker,* 190 Okl. 229, 122 P.2d 160, 161 (1942).

That order was the first appealable event in Patmon's action after § 1006 became effective as law. A petition in error filed on May 6, 1992 was hence timely for review of Dr. Block's summary judgment. That physician's motion to dismiss Patmon's quest for review of the latter summary judgment is accordingly denied.

### SUMMARY

When the trial court disposed of Patmon's claim against the hospital, its summary judgment *(1) let the hospital completely out of the case* and (2) *decided all of the issues in one entire claim among several stated in the action.* According to *the law then in force*, the hospital's summary judgment became at once appealable; *it precluded Patmon from proceeding further against the hospital and from securing any relief against that entity below. Appellate remedy was not timely sought for review of the then-appealable decision for the hospital.* The hospital's pre-§ 1006 summary judgment is clearly beyond the reach of our appellate cognizance in this cause.

Summary judgment for Dr. Block came *after § 1006 became effective.* The first appealable event *after* that section's adoption occurred in this case when the trial court's April 7 dismissal order was filed. *This appeal, brought within thirty days of that filing, is hence timely for review of the trial court's summary judgment for Dr. Block.*

**APPEAL HELD UNTIMELY ONLY INSOFAR AS IT SEEKS CORRECTIVE RELIEF FROM THE EARLIER SUMMARY JUDGMENT FOR THE HOSPITAL; DR. MARY F. BLOCK'S MOTION TO DISMISS THIS APPEAL FOR REVIEW OF THE LATER SUMMARY JUDGMENT IN HER FAVOR DENIED.**

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

SIMMS, J., disqualified.