**In the Matter of the ESTATE OF Felix ROBINSON.**

**Jean HAWKINS and Lena Rein–Miller, Co-personal Representatives of the Estate of Ila Robinson, Deceased, Appellants,**

v.

**Bessie BREWSTER, Personal Representative of the Estate of Felix Robinson, Deceased, Appellee.**

No. 82380.

Supreme Court of Oklahoma.

Oct. 11, 1994.

Gary P. McGinn, Elk City, for appellants.

Yonne P. McDaniel, Mangum, for appellee.

## MEMORANDUM OPINION

SUMMERS, Justice.

This is a contest between the personal representatives of a deceased wife and the personal representative of a deceased husband. The dispute involved the question of how each estate would be responsible for the payment of estate taxes. The trial court conducted a hearing on August 30, 1993, and came down on the side of the husband's estate. On that date the judge wrote out, signed, and caused to be filed a "court minute" to that effect. On October 13, 1993 the judge signed, and caused to be filed, a typed "Final Discharge", referring to the hearing of August 30th, restating his decision, discharging the personal representative, and closing the estate.

The representative of the wife's estate attempted to appeal the August 30 decision, mailing a petition in error on September 29, 1993, but did not get the required cost depos-

it to the Clerk of this Court until October 4th.[1] The appellee moved to dismiss for untimeliness. The appellants then filed a supplemental petition in error on October 25, 1993, with the October 13th Order attached. Appellees renewed their motion to dismiss, urging that the August 30th judge-signed court minute was the appealable event, and that an October 4th appeal came too late. The issue at this stage is whether time to appeal commenced to run on August 30th or October 13th, 1993.

■ In *Manning v. State ex rel. Dept. of Public Safety,* 876 P.2d 667 (Okla.1994) we recently explained that a judge-signed memorialization of a ruling made and filed prior to October 1, 1993, was an appealable order or judgment if it fully adjudicated the parties' rights, even though it bore some such title as "court minute". The August 30th ruling here, of course, predates October 1, 1993, the date of a legislative enactment declaring "minute entries" as non-appealable.[2]

The appellant argues that the August 30th memorial was incomplete, that it did not discharge the representative and close the estate, and therefore was not a full adjudication. The appellee argues that it was in fact a final order, discharging the representative.[3] We need not interpret the August 30th writing, however, for even if appellee is correct, we gave our ruling in *Manning* prospective effect only. The date of *Manning* is June 7, 1994, several months after the District Court's action here. Thus we decline to make the judge-signed "court minute" the triggering event for appeal time in this case. *Manning, supra,* at 673.

■ Beginning October 1, 1993, the time to appeal does not start to run until an appealable order or judgment conforming to 12 O.S.Supp.1993 § 696.3 is filed with the Clerk of the District Court. 12 O.S.Supp. 1993 § 696.2. Section 696.3 requires the appealable order or judgment to have a caption including the name of the court, the names and designation of the parties, the file number of the case, the title of the instrument, and a disposition of the action as well as the signature and title of the court. The order of October 13, 1993 meets the requirements of § 696.3.

Appeal time thus commenced with the filing of the Final Discharge on October 13, 1993. The supplemental petition in error, filed within less than thirty days thereafter on October 25, 1993, was timely to obtain review of the matters contained in the October 13th order. The motion to dismiss is denied, and the appeal shall proceed.

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, ALMA WILSON, KAUGER and WATT, JJ., concur.

SIMMS and OPALA, JJ., concur in result.

---

1. *See* Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15, App. 2, Rule 1.14; *Matter of K.L.F.,* 878 P.2d 1067 (Okla.1994).

2. **12 O.S.Supp.1993 § 696.2(c), effective Oct. 1, 1993, states in part:**
   The following shall not constitute a judgment, decree or appealable order: A minute entry....

See *Mansell v. City of Lawton,* 877 P.2d 1120 (Okla.1994), with its discussion of entries described as "minutes" filed after October 1, 1993.

3. The judge's handwritten "court minute" is less than clear on this. It appears to say "The estate at large will bear the liability of collateral heir taxes and then discharge."