Ronnie MEADOWS, Personal Representative of the Estate of Diana L. Meadows, deceased, Appellee,

v.

**PITTSBURG COUNTY BOARD OF COUNTY COMMISSIONERS, Appellant.**

No. 81771.

Supreme Court of Oklahoma.

June 27, 1995.

Jeff Belote, Gotcher, Brown, Bland, & Belote, McAlester, for appellee.

Christopher J. Wilson, McAlester, for appellant.

SUMMERS, Justice.

This matter is before us prior to briefing on the merits for our determination as to whether the appeal was timely filed. The merits of the case on appeal are not before us. We conclude that the appeal was timely filed and that it shall proceed.[1]

Plaintiff's petition states that this wrongful death action is brought pursuant to the Governmental Tort Claims Act of the State of Oklahoma. The defendant asserted a statutory immunity under the Tort Claims Act. The trial court agreed and the plaintiff appealed. The Court of Appeals reversed by an unpublished opinion. On remand a jury trial was held, resulting in a plaintiff's verdict.

The verdict was handed to the Clerk and filed in the trial court on May 12, 1993. On May 13, 1993 a "court minute" was signed and filed, containing a summary of the trial and verdict. The petition in error was filed in this Court on Monday, June 14, 1993. A journal entry of judgment was signed and filed on January 4, 1994. An amended petition in error was filed in this Court on January 5, 1994. Given these facts we find the appeal timely for the following reasons.

The first issue presented is whether the time to commence the appeal started on the date the verdict was filed. Two prior opinions of this Court have equated a filed verdict and a filed judgment for the purpose of commencing appeal time. *Rodgers v. Higgins*, 871 P.2d 398 (Okla.1993); *Jaco Production Company v. Luca*, 823 P.2d 364 (Okla. 1991). If the *Jaco* rule applies the June 14th petition in error was too late to appeal from the May 12th filing of the jury's verdict.[2]

---

1. The style of the appeal has been corrected to conform to 20 O.S.1991 § 3002.

2. In response to a show cause order appellant was unable to show May 11th compliance with the "post office" rule. 12 O.S.1993 Supp.

However, we limited application of that rule to verdicts in *common law actions.* *Jaco, supra* at 364; *McGinnis v. Republic–Underwriters Insurance Company,* 830 P.2d 191 (Okla.1992).

An action pursuant to the Governmental Tort Claims Act is not a common law action. In *Tate v. Browning–Ferris, Inc.,* 833 P.2d 1218, 1230 n. 66 (Okla.1992), we noted that 51 O.S.1981 § 153(B) states that the liability of the political subdivision under the Act is exclusive and in place of all other liability at common law or otherwise. *See also Juvenal v. Okeene Public Schools,* 878 P.2d 1026, 1030 (Okla.1994), (standard of liability pursuant to the Tort Claims Act applied although different than standard at common law); *Fuller v. Odom,* 741 P.2d 449, 453 (Okla.1987), (common law joint and several liability did not apply to Political Subdivision Tort Claim). The timeliness of this appeal is not controlled by *Jaco.*

The next issue is whether the judge-signed instrument entitled "Court Minute (Summary)" summarizing the trial and verdict, and filed May 13, 1993, commenced the time to appeal. This issue was discussed in *Matter of Estate of Robinson,* 885 P.2d 1334 (Okla.1994). Therein we explained the prospective effect of *Manning v. State ex rel. Dept. of Public Safety,* 876 P.2d 667 (Okla. 1994) on "court minutes" filed prior to October 1, 1993. We stated that a court minute dated August 30, 1993, although perhaps constituting a judgment, did not commence the time to file an appeal, and concluded that time to commence an appeal began on the filing of a subsequent order conforming to 12 O.S.Supp.1993 § 696.3. *Robinson,* 885 P.2d at 1336. Here too, applying the prospectivity of the *Manning* holding, we decline to commence the time to appeal from the court minute, and conclude that the appeal must commence from an order conforming to 12 O.S.Supp.1993 § 696.3.

§ 990A.(B). We also note that this verdict was prior to the enactment of 12 O.S.Supp.1993 § 696.2 which made verdicts a non-appealable form for a judgment.

1. *Rodgers v. Higgins,* Okl., 871 P.2d 398, 411–412 (1993); *Jaco Production Company v. Luca,* Okl., 823 P.2d 364 (1991).

On January 4, 1994 a Journal Entry of Judgment was signed by the judge and filed in the District Court. A copy of this journal entry was attached to the amended petition in error mailed to this Court on that date, and received by the Clerk for filing on January 5, 1994. The petition in error filed in June 1993 was premature, it having been filed prior to the appealable event. *Aven v. Reeh,* 878 P.2d 1069, 1070 (Okla.1994). However, the supplemental petition in error is timely, since it was filed here within thirty days of the date the Journal Entry was filed in the District Court. *Matter of Estate of Robinson,* 885 P.2d at 1336; 12 O.S.Supp. 1993 § 990A(F). The appeal was timely brought and shall proceed.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER and WATT, JJ., concur.

SIMMS, HARGRAVE and OPALA, JJ., dissent.

OPALA, Justice, with whom SIMMS and HARGRAVE, JJ., join, dissenting.

Today's opinion holds this appeal *timely.* Brought here from judgment on jury verdict, it was commenced within thirty days of the filing of a journal entry. Because the court's opinion (1) ignores extant jurisprudence[1] (teaching that an appealable event takes place *when an unreserved general jury verdict is received by the clerk* ) (2) rejects the procedural *coequality* of public and private tort law, and (3) misapplies the prospectivity of *Manning v. State ex rel. Dept. of Public Safety,*[2] I recede from its holding.

Ronnie Meadows [Meadows] brought a wrongful death action against the Pittsburg County Board of County Commissioners [County] under the authority of the Governmental Tort Claims Act [GTCA].[3] An unreserved jury verdict for Meadows was returned and filed on May 12, 1993. The

2. Okl., 876 P.2d 667 (1994).

3. 51 O.S.1991 § 151 *et seq.*

County filed its petition in error *Monday, June 14, 1993.*[4] Later—on January 4, 1994—a journal entry memorializing this judgment was signed by the trial judge and filed at nisi prius. Amended petition in error came here the next day.

The dispositive issue is whether *appeal time was triggered* by the filing of a jury verdict on May 12, 1993 or by the January 4, 1994 journal entry.[5] I would hold that the former date governs and *dismiss* the County's appeal as *untimely.*

The court rests its holding on the notion that *Jaco* applies only to "common law cases" and not to actions under the GTCA. *Jaco* holds that, under the appellate procedure regime by which this case is governed,[6] ap-peal time ran from the filing of a general jury verdict and *not* from a later-filed journal entry.[7] The GTCA provides for government tort liability *coextensive* with that of private wrongdoers and for a procedural regime that applies in private tort cases.[8] By "common law cases" *Jaco* doubtless means cases tri-able to a jury *as at common law.*[9] Because both public and private tort actions are tri-able to a jury,[10] unreserved general verdicts returned *in either type of case must be given the same effect.* For purposes of appellate procedure, appeals in tort cases, private and public, fall into a *single class.* A legislative attempt to *dichotomize* them would offend the uniformity of procedure commanded by ART. 5, §. 46, OKL. CONST.[11] The procedure

4. The terms of Rule 1.1(b), Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15, App. 2, provide in pertinent part:

"... In computing any time period prescribed by these rules the first day shall be excluded and the last included to complete the period. When the last day of the period so computed falls on a day when the court clerk's office at which the act is to be performed or the instru-ment filed is not open during the full business day (until 4:00 p.m.), the period shall be ex-tended to include the next ensuing full business day...."

The terms of 12 O.S.1991 § 990A(A) *provided* in pertinent part:

"An appeal to the Supreme Court may be commenced by filing a petition in error ... within thirty (30) days from the date the final order or judgment is filed. The filing of the petition in error may be accomplished ... by certified mail.... The date of the mailing ... shall constitute the date of the filing of the petition in error. * * *"

5. Section 990A(A), *supra* note 4; *Eagle Life Ins. Co., Inc. v. Rush,* Okl., 832 P.2d 1224 (1992).

6. A litigant's right of appeal is governed by the law in effect when the appealable event takes place. *Patmon v. Block,* Okl., 851 P.2d 539, 542 (1993); *Blacketer v. State,* Okl.Cr., 485 P.2d 1069, 1070 (1971); *Rudolph v. Jurgensen,* 31 Okl. 32, 119 P. 640 (1911); *State v. McCafferty,* 25 Okl. 2, 105 P. 992, 996 (1909).

7. *Jaco, supra* note 1 at 364. The terms of 12 O.S.1991 § 696.1 *provided* in pertinent part:

"When a trial by jury has been had, judgment *must* be entered by the clerk in conformity to the verdict, unless it is special, or the court order the case to be reserved for future argu-ment or consideration." (Emphasis added.)

"*There is no principle of law more firmly estab-lished than that the judgment must follow and* conform to the [general] verdict [in a common-law action]." (Emphasis added.) *Smith v. Eagle Mfg. Co.,* 25 Okl. 404, 108 P. 626, 627 (1910).

8. The terms of 51 O.S.1991 § 153(A) provide in pertinent part:

"The state or a political subdivision shall be liable for loss resulting from its torts ... only where the state or political subdivision, *if a private person or entity,* would be liable for money damages under the laws of this state...." (Emphasis added.)

*Gunn v. Consolidated Rural Water & Sewer,* Okl., 839 P.2d 1345, 1349 (1992).

9. *Rodgers, supra* note 1 at 406 n. 38.

10. The terms of 51 O.S.1991 § 164 provide in pertinent part:

"The laws and statutes of the State of Okla-homa and the Rules of Civil Procedure, as promulgated and adopted by the Supreme Court of Oklahoma ... *shall apply to and govern all actions brought under the provisions of [the GTCA].*" (Emphasis added.)

The terms of 12 O.S.1991 § 556 provide in perti-nent part:

"... Issues of fact *arising in actions for the recovery of money ... shall be tried by a jury....*" (Emphasis added.)

The terms of ART. 2, § 19, OKL. CONST., provide in pertinent part:

"The right of trial by jury *shall be and remain inviolate,* except in civil cases wherein the amount in controversy does not exceed One Thousand Five Hundred Dollars ($1,500.00), * * *" (Emphasis added.)

*See Seymour v. Swart,* Okl., 695 P.2d 509, 511–512 (1985).

11. The terms of ART. 5, § 46, OKL. CONST., provide in pertinent part:

prescribed by the legislature for public torts—from the pleading stage through trial and judgment—is indistinguishable from that which governs private torts. The same appellate procedure must therefore apply lest the uniformity command be violated.

Today's opinion misapplies *Manning's* rule of prospectivity. In *Manning* confusion came to be injected by the trial judge's directive that, *in addition to the court's own complete and signed memorial* of the terminal ruling, a party's counsel prepare *another* journal entry.[12] No similar or like instruction appears in this case. On this record, there is hence *no reason* to save the County from a "procedural trap for the unwary" and to extend the prospectivity protection extended by *Manning*.

I cannot accede to today's holding and to the order allowing the County's appeal to proceed.

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or *special* law authorizing:

\*    \*    \*    \*    \*    \*

Regulating the practice *or jurisdiction* of, or changing the rules of evidence in judicial proceedings or inquiries before the courts, \* \* \*" (Emphasis added.)

12. *Manning, supra* note 2 at 672.